■ SS&J MORRIS, INC., et al., Appellants, v MAHONEY COHEN & Co., Respondent, et al., Defendants. (And Another Action.) [694 NYS2d 60] —Order, Supreme Court, New York County (Carol Huff, J.), entered May 1, 1998, which, upon reissuance of a decision and order of the same court and Justice, entered October 28, 1997, granted the motion by defendant Mahoney Cohen & Co., dismissing the complaint pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, with costs and disbursements, the motion denied and the complaint reinstated.

Initially, we note that the allegations of the complaint, as supplemented by plaintiffs' affidavit, did sufficiently allege a cause of action against Mahoney Cohen for fraud. Contrary to the motion court's view, the element of justifiable reliance necessary to state a cause of action for fraud was adequately pleaded. Thus, the complaint, as amplified by plaintiffs' affidavit, alleges: (1) plaintiffs were prevented from making an independent investigation of the books and records of the company due to the requirement of secrecy imposed on the transaction; (2) a principal of defendant accounting firm, one Arnold Cohen, was involved in the negotiations and discussed the audit and financials with plaintiffs; and (3) based upon defendant accounting firm's certified audit of the 1994/1995 financials, Cohen confirmed the proposed business plan for the soon-to-be merged entity and participated in structuring the deal (*see, Cohen v Koenig*, 918 F Supp 719, 726; *Ambassador Factors v Kan-*

*del & Co.*, 215 AD2d 305; *Curiale v Peat, Marwick, Mitchell & Co.*, 214 AD2d 16, 28).

In addition, the complaint's allegations, as supplemented by plaintiffs' affidavit, also stated a cause of action in negligence against Mahoney Cohen. While Mahoney Cohen asserts that there is no allegation that it provided the audit to plaintiffs and there was no showing that at the time of the audit the reports were prepared for plaintiffs' use, there were allegations in the complaint supported by the affidavit that plaintiffs were prevented from going to Appel's offices to examine its books and records and that they relied on Cohen to confirm that the 1995 financials were correct. In addition, during the negotiations when the financials were given to plaintiffs by Appel's principal, Cohen took an active part and made statements concerning Appel's future performance after the merger, based on the 1995 financial statements. Moreover, it is alleged that Cohen recommended a promissory note in lieu of a cash payment in view of the strong financial position of Appel, as shown in the financial statements.

Thus, although plaintiffs had no direct contractual relationship with Mahoney Cohen, the complaint and supporting affidavits asserted that Mahoney Cohen was aware, through Cohen, that the financial reports were to be used for a particular purpose or purposes, in furtherance of which plaintiffs were intended to rely. In addition, plaintiffs alleged conduct by Cohen which linked Mahoney Cohen to plaintiffs evincing Mahoney Cohen's understanding of plaintiffs' reliance. Thus, there was a showing of a relationship "so close as to approach that of privity" (*Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 382).Concur—Nardelli, J. P., Mazzarelli, Lerner and Saxe, JJ.