■ Mohamed Al Fayed, Respondent, v Daphne Barak, Appellant. [833 NYS2d 500]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered October 25, 2006, which denied defendant's motion to vacate the default judgment against her, unanimously affirmed, with costs.

Defendant's arguments that plaintiff's service of the summons, pursuant to CPLR 308 (2), was not proper, and that the

court did not, therefore, obtain personal jurisdiction over her, were not raised in the motion court, and are unpreserved (*see Rosenberg v Haddad*, 208 AD2d 468 [1994]). We do not reach them, but were we to do so, we would find that service was properly left with the doorman of defendant's building, access to the building having been prohibited to the process server (*id.; F.I. duPont, Glore Forgan & Co. v Chen*, 41 NY2d 794, 798 [1977]), who was informed that defendant was not at home (*see Charnin v Cogan*, 250 AD2d 513, 517 [1998]; *Board of Mgrs. of Le Trianon Condominium v 1439 Realty Corp.*, 186 AD2d 437 [1992]).

The factual allegations contained in plaintiff's affidavit pursuant to CPLR 3215 (f) sufficiently support the claims against defendant. Having failed to answer the allegations, defendant is deemed to have "admit[ted] all traversable allegations in the complaint, including the basic allegations of liability" (*Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]), and since plaintiff, by reason of defendant's failure to answer, does not have the benefit of discovery, "the affidavit or verified complaint need only allege enough facts to enable a court to determine that a viable cause of action exists" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]; *see also Joosten v Gale*, 129 AD2d 531, 535 [1987]).

The overwhelming evidence from the hearing establishes that defendant deliberately evaded service of process, and actually received the mailed summons, but rejected it. Under these circumstances, defendant was not entitled to have her default vacated, either under CPLR 317 or CPLR 5015 (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 143 [1986]; *Kaplan v D'Agostino Supermarkets*, 210 AD2d 79 [1994]; *Pena v Mittleman*, 179 AD2d 607, 610 [1992]).

We do not consider defendant's arguments regarding the substantive remedies contained in the judgment. They were not raised before the court in the arguments leading to the order appealed from, and are not properly before us (*see Zimmerman v Gaines Serv. Leasing Corp.*, 249 AD2d 215, 216 [1998]). Concur—Mazzarelli, J.P., Sullivan, Sweeny, Malone and Kavanagh, JJ.