■ FREDERICK B. WHITTEMORE, Respondent, v EDWIN H. YEO, III, Appellant, et al., Defendants. [986 NYS2d 69]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered April 4, 2013, awarding plaintiff the total sum of $11,900,345.18 as against defendant Edwin H. Yeo, III (defendant) on his fraudulent inducement cause of action, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered December 20, 2012, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff established a prima facie fraud claim in support of the default judgment. Although his complaint was not verified by him, a review of the record shows that the affidavit he submitted on his motion for a default judgment provided "firsthand confirmation" of the facts alleged (*Joosten v Gale*, 129 AD2d 531, 535 [1st Dept 1987]; *see Feffer v Malpeso*, 210 AD2d 60, 61 [1st Dept 1994]; *Mullins v DiLorenzo*, 199 AD2d 218, 219-220 [1st Dept 1993]), which sufficiently states a claim for fraudulent inducement (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). Defendant's contention that plaintiff could not claim justifiable reliance as a sophisticated investor who could have conducted due diligence is unavailing. As this Court has previously noted in this matter, plaintiff "was not precluded from reasonably relying on defendants' misrepresentations in light of the alleged failure to disclose certain diversions and defendants' failure to provide requested information regarding the allocation of plaintiff's investment in the limited partnership" (*Whittemore v Yeo*, 99 AD3d 496, 497 [1st Dept 2012]). To the extent defendant contends that the evidence presented during inquest showed no misrepresentation made by him, by defaulting, he is deemed to have admitted all traversable allegations in the complaint and "will not be allowed to introduce evidence tending to defeat the plaintiff's cause of action" during inquest (*Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]; *Conteh v Hand*, 234 AD2d 96 [1st Dept 1996]).

Plaintiff also established a sum certain on damages owed by showing "out-of-pocket" losses in the amount awarded as a result of defendant's conduct (*see Lama Holding Co.*, 88 NY2d at 421). Defendant's contention that some of plaintiff's capital contributions had in fact been used for legitimate business purposes overlooks that fact that plaintiff made all his contributions in reliance on defendant's misrepresentations and that any use of the funds was a part of the overall fraud scheme. As plaintiff had no knowledge of defendant's diversion of funds, he could not have mitigated damages (*see LaSalle Bank N.A. v Nomura Asset Capital Corp.*, 47 AD3d 103, 108-109 [1st Dept 2007]). The court properly awarded prejudgment interest (CPLR

5001 [a]), as defendant had the advantage of using the money that plaintiff was fraudulently induced to contribute (*Manufacturer's & Traders Trust Co. v Reliance Ins. Co.*, 8 NY3d 583, 589 [2007]) and plaintiff was deprived of his use thereof (*J. D'Addario & Co., Inc. v Embassy Indus., Inc.*, 20 NY3d 113, 117-118 [2012]). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Manzanet-Daniels and Feinman, JJ.