Schulhof v Jacobs (2018 NY Slip Op 00528)





Schulhof v Jacobs


2018 NY Slip Op 00528


Decided on January 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2018

Friedman, J.P., Gische, Mazzarelli, Kern, Singh, JJ.


157797/13 5561 595402/14 5560

[*1]Michael P. Schulhof, as Executor of the Estate of Hannelore B. Schulhof, Plaintiff-Respondent-Appellant,
v
Lisa Jacobs, individually and doing business as Lisa Jacobs Fine Art, Defendant-Appellant-Respondent. [And A Third-Party Action]


Nicholas Goodman & Associates, PLLC, New York (H. Nicholas Goodman of counsel), for appellant-respondent.
Warshaw Burstein, LLP, New York (Robert Fryd of counsel), for respondent-appellant.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered March 17, 2017, against defendant and in plaintiff's favor in the amount of $1,555,185.21, unanimously affirmed, without costs. Appeals from order, same court and Justice, entered March 1, 2017, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
CPLR 4519 does not preclude, on summary judgment, defendant's testimony about her conversations with decedent Hannelore Schulhof (see Phillips v Kantor & Co., 31 NY2d 307 [1972]). However, the parol evidence rule, coupled with the October 25, 2011 written agreement between the parties, bars defendant's testimony that she reached an oral agreement with decedent that precedes and varies from the written agreement (see SAA-A, Inc. v Morgan Stanley Dean Witter & Co., 281 AD2d 201, 203 [1st Dept 2001]; see also Laskey v Rubel Corp., 303 NY 69, 71 [1951]).
The motion court correctly found, as a matter of law, that defendant had a fiduciary relationship with decedent. The contract between defendant and the eventual purchaser of the artwork at issue states that defendant is acting as agent for an undisclosed principal — i.e., for decedent. The relationship between principal and agent is a fiduciary one (see TPL Assoc. v Helmsley-Spear, Inc., 146 AD2d 468, 470 [1st Dept 1989]; see also Murray v Beard, 102 NY 505, 508 [1886]).
The motion court also correctly granted summary judgment to plaintiff on his fraud claim. The issue of reasonable reliance can be resolved on a summary judgment motion (see Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 99 [1st Dept 2006], lv denied 8 NY3d 804 [2007]). Further, plaintiff's success as a businessman does not preclude a finding of reliance (see Whittemore v Yeo, 117 AD3d 544, 545 [1st Dept 2014]; see also Frame v Maynard, 83 AD3d 599, 603 [1st Dept 2011]). Defendant told plaintiff that the buyer of the art wished to remain anonymous, which prevented plaintiff from conducting due diligence by, for example, contacting the buyer (see SS & J Morris v Mahoney Cohen & Co., 264 AD2d 343, 343 [1st Dept 1999]). Since defendant had a fiduciary relationship with decedent, plaintiff was not required to obtain the kinds of representations and warranties that defendant suggests in her reply brief (see TPL, 146 AD2d at 470-471).
Given the existence of a fiduciary relationship, the faithless servant doctrine applies, and the motion court correctly granted plaintiff summary judgment on that claim (see e.g. Feiger v Iral Jewelry, 41 NY2d 928 [1977]).
Given the foregoing, the issue of whether the motion court should have dismissed [*2]plaintiff's contract claim is academic.
The motion court providently exercised its discretion in declining to award plaintiff punitive damages and sanctions (see Matter of Birnbaum v Birnbaum, 157 AD2d 177, 192-193 [4th Dept 1990][punitive damages]; Matter of Flanigan v Smyth, 148 AD3d 1249, 1251 [3d Dept 2017] [sanctions], lv dismissed in part and denied in part 29 NY3d 1046 [2017]).
Plaintiff is not entitled to attorneys' fees (see Schneidman v Tollman, 261 AD2d 289, 290 [1st Dept 1999], lv denied 94 NY2d 756 [1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2018
CLERK