State Farm Mut. Auto. Ins. Co. v Surgicore of Jersey City, LLC (2021 NY Slip Op 03536)





State Farm Mut. Auto. Ins. Co. v Surgicore of Jersey City, LLC


2021 NY Slip Op 03536


Decided on June 03, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 03, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Oing, JJ. 


Index No. 161692/18 Appeal No. 13992-13992A Case No. 2020-02906, 2020-02907 

[*1]State Farm Mutual Automobile Insurance Company, Plaintiff-Appellant,
v
Surgicore of Jersey City, LLC, et al., Defendants, Wellmart RX, Inc., Defendant-Respondent.


Rivkin Radler LLP, Uniondale (Stuart M. Bodoff of counsel), for appellant.



Orders, Supreme Court, New York County (Barbara Jaffe, J.), entered December 18, 2019 and May 12, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for a default judgment on its claims seeking a declaration of noncoverage against all defaulting defendants other than Keith Dumont and Steven Rob, unanimously reversed, on the law, with costs, the motion granted in its entirety and it is so declared.
In support of its motion for entry of a default judgment plaintiff submitted evidence of defendants' defaults after proper service, as well as an affidavit of its no-faults claims representative sufficiently setting forth the basis for plaintiff's claims seeking a declaration of noncoverage (see CPLR 3215[f]; Woodson v Mendon Leasing Corp., 100 NY2d 62, 70-71 [2003]). The claim representative's affidavit set forth the factual basis for plaintiff's belief that the accident was not a covered event because the loss was intentionally caused and the injuries purportedly sustained by the claimants in connection with the June 1, 2018 accident therefore did not arise from an insured event. By failing to answer, the defaulting defendants are "deemed to have admitted" the allegations in the complaint, including that the accident was intentional and staged (Al Fayed v Barak, 39 AD3d 371, 372 [1st Dept 2007] [internal quotation marks omitted]). The claims representative's affidavit, as well as red flags raised by defendant Walton's testimony at her EUO, support plaintiff's belief. In addition, on reargument, plaintiff submitted an arbitration award in which the Arbitrator found that plaintiff had demonstrated by a preponderance of the evidence that it had a founded belief that the subject accident was not a covered event, because it was a deliberate event in furtherance of an insurance fraud scheme. As a result, plaintiff is entitled to a declaration that it is not obligated to defend or indemnify Jhoie Bradford, the owner of the insured vehicle, or Walton, the driver, or to provide no-fault coverage to any of the claimants in connection with the June 1, 2018 accident.
As to claimant Ronald Marcellus, plaintiff additionally provided sufficient proof that he failed to appear for an examination under oath (EUO) despite receiving proper notice, which vitiates the policy (see Hertz Corp. v Active Care Med. Supply Corp., 124 AD3d 411 [1st Dept 2015]). Generally, an insurer must provide proof that the EUO requests were timely mailed, within 15 business days of receipt of the prescribed verification forms, in compliance with 11 NYCRR 65-3.5 in order to obtain a default declaratory judgment (see e.g. Hertz Vehicles, LLC v Best Touch PT, P.C., 162 AD3d 617, 617-618 [1st Dept 2018]). However, that requirement does not apply where, as here, the EUOs are scheduled prior to the insurance company's receipt of a claim form (see Mapfre Ins. Co. of N.Y. v Manoo, 140 AD3d 468, 469 [1st Dept 2016]; see also [*2]Hereford Ins. Co. v Lida's Med. Supply, Inc., 161 AD3d 442, 443 [1st Dept 2018]). Since Marcellus failed to appear on two or more occasions and the EUO requests were sent prior to plaintiff's receipt of a claim form, plaintiff did not need to demonstrate compliance for the verification requests under 11 NYCRR 65-3.5. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2021