Dubinsky v Levine (2021 NY Slip Op 07078)





Dubinsky v Levine


2021 NY Slip Op 07078


Decided on December 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 21, 2021

Before: Renwick, J.P., Oing, Singh, Scarpulla, Pitt, JJ. 


Index No. 101269/19 Appeal No. 14891 Case No. 2021-00887 

[*1]Melvin Dubinsky, Plaintiff-Appellant,
v
Rhoda M. Levine, Defendant-Respondent.


Melvin Dubinsky, New York, appellant pro se.



Order, Supreme Court, New York County (Barbara Jaffe, J), entered February 28, 2020, which denied plaintiff's motion for a default judgment and sua spontedismissed the complaint, unanimously affirmed, without costs.
Supreme Court properly denied plaintiff's motion for a default judgment. Plaintiff failed to show that the doorman at defendant's apartment building refused him access to defendant's residence, and as a result, plaintiff's attempt at substituted service by leaving the papers with the doorman at defendant's building was ineffective (cf. Al Fayed v Barak, 39 AD3d 371, 372 [1st Dept 2007] [service left with a doorman, followed by a mailing, valid where access to the building is prohibited]; Rosenberg v Haddad, 208 AD2d 468, 469 [1st Dept 1994] [same]).
Supreme Court also properly dismissed plaintiff's complaint sua sponte. Although a sua sponte order is not appealable as of right, in the interest of judicial economy, we deem plaintiff's notice of appeal as a motion for leave to appeal, and, upon so deeming the notice of appeal, grant the motion (CPLR 5701[c]; see Hall v Louis, 184 AD3d 437, 438 [1st Dept 2020]).
As to the merits, dismissal of plaintiff's complaint was appropriate, since it failed to assert any viable cause of action (see Aprea v New York State Bd. of Elections, 103 AD3d 1059, 1061 [3d Dept 2013]). The parties had a retainer agreement; accordingly, plaintiff's causes of action for account stated and unjust enrichment are duplicative of the breach of contract action (see Remora Capital v S.A. Dukan, 175 AD3d 1219, 1221 [1st Dept 2019]). Further, the cause of action for breach of contract is moot, as defendant eventually paid plaintiff the amount he sought under the agreement (see Engstrom v Kinney System, Inc., 241 AD2d 420, 424 [1st Dept 1997], lv denied 91 NY2d 801 [1997]). Plaintiff also fails to state a cause of action for intentional infliction of emotional distress, as defendant's alleged conduct in stopping payment on a check and humiliating plaintiff at a meeting was not "extreme and outrageous" (see A. Resnick Textile Co. v Daisy Group, 284 AD2d 101, 101 [1st Dept 2001]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2021