Odigie v Gateway Sec. Guard Servs., Inc. (2023 NY Slip Op 00818)

Odigie v Gateway Sec. Guard Servs., Inc.

2023 NY Slip Op 00818

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Kern, Singh, Scarpulla, JJ. 

Index No. 158218/18 Appeal No. 17321 Case No. 2022-01412 

[*1]Garrado Odigie, Plaintiff-Appellant,
v
Gateway Security Guard Services, Inc. et al., Defendants-Respondents.

White & Case, LLP, New York (Gabriella E. Pace, III of counsel), for appellant.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered March 22, 2022, which, to the extent appealed from, denied plaintiff's motion for a default judgment against all defendants on his claims for unpaid wages as a third-party beneficiary, unpaid vacation time, and damages based on defendants' failure to provide wage statements and a notice of pay rate, and dismissed the complaint as against individual defendants Peter Eromosele and Monday Eromosele, unanimously reversed, on the law, without costs, the complaint reinstated as against the individual defendants, and plaintiff's motion granted on liability as to these additional claims against all defendants, with damages to be determined after the assessment ordered by the Supreme Court.
Supreme Court should have allowed the action to proceed as against the individual defendants. Plaintiff alleged that the individual defendants shared management responsibilities for defendant Gateway Security Guard Services, Inc., discussed and determined employees' shift assignments, and distributed wage statements and paychecks. These undisputed allegations are sufficient to establish that the individual defendants were "employers" under the Labor Law (see Bonito v Avalon Partners, Inc., 106 AD3d 625, 626 [1st Dept 2013]). In addition, the factual allegations contained in plaintiff's affidavit under CPLR 3215(f) are sufficient to support the claims against the individual defendants (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 70 [2003]).
Furthermore, plaintiff alleges facts sufficient to state a cause of action for unpaid wages as a third-party beneficiary to the contract between Gateway and Heritage Health and Housing, where he was assigned as a security guard. Plaintiff asserted the existence of a valid contract, that the minimum wage provision in the contract was intended for the benefit of him and the other security guards, and that the benefit was immediate rather than incidental (see Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786 [2006]; Wroble v Shaw Envtl. & Infrastructure Eng'g of N.Y., P.C., 166 AD3d 520, 521 [1st Dept 2018]). Because plaintiff did not have the benefit of discovery, his affidavit, which provides firsthand confirmation of the alleged facts, is sufficient to state a cause of action (see Whittemore v Yeo, 117 AD3d 544, 545 [1st Dept 2014]).
Plaintiff also alleged facts sufficient to state a viable claim for unpaid vacation time, as he alleged that defendants had assured him that he would be paid for this time, and that he relied on those assurances in continuing to work for defendants (see Andruzzi v County of Nassau, 34 AD3d 607, 608 [2d Dept 2006]). Defendants failed to either rebut these allegations beyond their initial answer or respond to plaintiff's discovery requests, thus plaintiff is entitled to judgment on this claim (see Al Fayed v Barak, 39 AD3d 371, 372 [1st Dept 2007]).
Finally, plaintiff alleged sufficient facts to support his claim for damages under [*2]Labor Law §§ 198(1-b) and (1-d), based on defendants' failure to provide him with a notice of pay rate upon hiring or accurate wage statements reflecting his overtime hours at Heritage Health and Housing. As with the claim regarding plaintiff's vacation time, defendants failed to rebut these allegations or respond to discovery requests, and plaintiff is therefore entitled to judgment on these claims (see Al Fayed, 39 AD3d at 372). As to the amount of damages, plaintiff is entitled to the statutory maximum amount set forth in Labor Law § 198 in 2011, before it was amended in 2015 (see Labor Law § 195[1][a] and [3]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023