NMR e-Tailing LLC v Oak Inv. Partners (2023 NY Slip Op 02830)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

NMR e-Tailing LLC v Oak Inv. Partners

2023 NY Slip Op 02830

Decided on May 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 25, 2023
Before: Kapnick, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 


Index No. 656450/17 Appeal No. 17114-17115-17116 Case No. 2021-01883 2021-02617 2021-02709 

[*1]NMR e-Tailing LLC, Plaintiff-Respondent,
vOak Investment Partners et al., Defendants, Iftikar Ahmed, Defendant-Appellant. 

Iftikar Ahmed, appellant pro se.
Halperin Battaglia Benzija, LLP, New York (Scott A. Ziluck of counsel), for respondent.

Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered July 22, 2021, against defendant Iftikar Ahmed (Ahmed) in the sum of $10,428,273.97, unanimously affirmed, with costs. Appeal from orders, same court and Justice, entered May 25, 2021 and entered June 23, 2021, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff made a sufficient showing that service upon Ahmed pursuant to CPLR 308 (1) through (4) was impracticable, and that email service was reasonably calculated under the circumstances to apprise defendant of the action (see Safadjou v Mohammadi, 105 AD3d 1423, 1425 [4th Dept 2013]). Accordingly, Supreme Court providently exercised its discretion in allowing service of the complaint via electronic mail (CPLR 308[5]) and service was properly effectuated over defendant Ahmed. Further, the court properly denied Ahmed's motion to vacate the default judgment pursuant to CPLR 5015(a).
The record also supports the judgment entered after an inquest on damages, which will not be disturbed. Damages resulting from fraudulent inducement are meant to indemnify a plaintiff "for the actual pecuniary loss sustained as the direct result of the wrong" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996][internal quotation marks omitted]). "[D]amages are calculated to compensate plaintiffs for what they lost because of the fraud, not for what they might have gained in the absence of fraud" (Connaughton v Chipotle Mexican Grill, Inc., 135 AD3d 535, 538 [1st Dept 2016] citing Lama Holding Co., 88 NY2d at 421). Such damages are limited to an amount necessary to restore the plaintiff to the position it occupied before the commission of the fraud (see Hotaling v Leach & Co., 247 NY 84 [1928]; Alpert v Shea Gould Climenko & Casey, 160 AD2d 67, 71-72 [1st Dept 1990]).
Here, plaintiff NMR E-Tailing LLC (NMR) asserts that but for Ahmed's false representations, it would have never agreed to participate in the Series B offering for Choxi.com, Ahmed coerced it into making the Series B investment, all while intending to convert the majority of the funds, and that it lost its entire investment when Ahmed's fraud was unearthed, causing the company to file for bankruptcy. These allegations are deemed admitted by virtue of the default (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 70 [2003]). NMR's entire investment, and the loss thereof, was a result of the established fraudulent scheme (see Whittemore v Yeo, 117 AD3d 544, 545 [1st Dept 2014]). Finally, Ahmed's default precludes his argument that NMR's loss was a derivative injury, as that argument pertains to liability, not to the measure of damages.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2023