Pentagram Design, Inc. v Change of Heart Clothing Corp. (2024 NY Slip Op 51396(U))

[*1]

Pentagram Design, Inc. v Change of Heart Clothing Corp.

2024 NY Slip Op 51396(U)

Decided on October 10, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 10, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570245/24

Pentagram Design, Inc., Plaintiff-Appellant, 
against
Change of Heart Clothing Corp., Defendant-Respondent.

Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Carol R. Feinman, J.), entered December 6, 2023, which granted its motion for leave to reargue an order (same court and Judge), dated August 10, 2023, denying its motion for a default judgment, and, upon reargument, adhered to its prior determination.

Per Curiam.
Order (Carol R. Feinman, J.), entered December 6, 2023, reversed, without costs, the motion for a default judgment granted.
Upon reargument, Civil Court should have granted plaintiff's motion for a default judgment (see CPLR 3215). A party seeking a default judgment must submit proof of service of the summons and complaint and "proof of the facts constituting the claim, the default and the amount due" (CPLR 3215 [f]; see Gantt v North Shore-LIJ Health Sys., 140 AD3d 418 [2016]). To demonstrate "facts constituting the claim," the movant need only proffer proof sufficient "to enable a court to determine that a viable cause of action exists" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]), which may be accomplished either by submission of an affidavit of merit or by verified complaint (see CPLR 3215 [f]; Woodson, 100 NY2d at 70; Bigio v Gooding, 213 AD3d 480, 481 [2023]). 
Here, plaintiff's proof, which included a sworn affidavit of merit, a copy of the service contract executed by the parties and a statement from plaintiff's online bank account reflecting a partial payment from defendant to plaintiff, was sufficient to establish a viable cause of action against defendant to recover damages for breach of contract. Because defendant, by defaulting, is deemed to admit "all traversable allegations in the complaint, including the basic allegation [] of liability," the allegations were sufficient for the court to determine that a viable cause of action existed (Al Fayed v Barak, 39 AD3d 371, 372 [2007][internal quotation marks omitted]; see also Licurgo-Villar v Samouha, 227 AD3d 619, 620 [2024]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 10, 2024