Goleret v 140 W. 132nd St., LLC (2025 NY Slip Op 51783(U))

[*1]

Goleret v 140 W. 132nd St., LLC

2025 NY Slip Op 51783(U)

Decided on November 13, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 13, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

570883/25

Laurence Goleret, a/k/a Laurence Ruiz, Plaintiff-Appellant, 
against
140 W. 132nd Street, LLC, Defendant-Respondent.

Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Jeanine R. Johnson, J.), entered May 17, 2023, which denied her motion for a default judgment against defendant.

Per Curiam.
Order (Jeanine R. Johnson, J.), entered May 17, 2023, reversed, without costs, and the motion granted to the extent of granting plaintiff a default judgment on liability and remanding the case to Civil Court to conduct an inquest on damages.
Civil Court should have granted plaintiff's motion for a default judgment, since she submitted proof of service of the summons and complaint and "proof of the facts constituting the claim, the default and the amount due" (Gantt v North Shore-LIJ Health Sys., 140 AD3d 418, 418 [2016]; CPLR 3215 [f]). Contrary to the conclusion reached below, plaintiff was not required to demonstrate compliance with the additional notice requirement of CPLR 3215 (g) (4). "By its express terms, the notice requirement is limited to situations where a default judgment is sought against a 'domestic or authorized foreign corporation' which has been served pursuant to Business Corporation Law § 306(b), and does not pertain to a limited liability company" (Gershman v Ahmad, 131 AD3d 1104, 1105 [2015]; see Mitchell v Kingsbrook Jewish Med. Ctr., 210 AD3d 887, 889 [2022]).
Furthermore, plaintiff's proof, including her verified complaint, sworn affidavit of merit, and various documents, was sufficient to establish viable causes of action against defendant for the return of security deposits and overpayment of utility charges (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]). Because defendant, by defaulting, is deemed to admit "all traversable allegations in the complaint, including the basic allegation [] of liability," the allegations were sufficient for the court to determine that a viable cause of action existed (Al Fayed v Barak, 39 AD3d 371, 372 [2007] [internal quotation marks omitted]; see also Licurgo-Villar v Samouha, 227 AD3d 619, 620 [2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 13, 2025