■ ALLEN FINKELSTEIN, Appellant, v EAST 65TH STREET LAUNDROMAT, Defendant, and 417 EAST EQUITIES, INC., Respondent. [626 NYS2d 148] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered April 8, 1994, which, *inter alia,* denied plaintiff's motion for a default judgment against defendant-respondent, unanimously affirmed, without costs.

The settlement negotiations between plaintiff and defendant landowner's insurer constitutes a reasonable excuse for defendant's delay in answering, and defendant's alleged lack of notice of any defect on the exterior stairway and assertion that it was the tenant's responsibility to repair the stairway constitute a meritorious defense. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS DAVY, Also Known as DAVID CURTIS, Appellant. [626 NYS2d 477] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered October 8, 1991, convicting defendant, after a nonjury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The court's verdict was neither based on insufficient evidence nor against the weight of the evidence. The People established a sufficient chain of custody *(People v Julian,* 41 NY2d 340, 343), and the officer's failure to initial the vial sold by defendant was inconsequential under the circumstances of the case *(compare, People v Padilla,* 175 AD2d 20, *lv denied* 79 NY2d 830, *with People v Ruiz,* 162 AD2d 350).

Defendant's claim that he was improperly denied an opportunity to establish that his attorney failed to advise him of his right to testify before the Grand Jury is rendered academic by defendant's unsuccessful and final litigation of the identical issue after a full hearing on his motion to vacate judgment pursuant to CPL article 440, and subsequent denial of leave to appeal.

We have reviewed defendant's remaining arguments, including those contained in his *pro se* supplemental brief, and find them without merit. Concur—Ellerin, J. P., Wallach, Kupferman, Nardelli and Mazzarelli, JJ.