■ Gail Gantt, Appellant, v North Shore-LIJ Health System et al., Respondents. [31 NYS3d 864]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about January 23, 2015, which, to the extent appealed from, denied plaintiff's motion for a default judgment against defendants, and order, same court and Justice, entered April 21, 2015, which, to the extent appealed from, denied plaintiff's motion to renew, and deemed defendants' answer served, unanimously affirmed, with costs.

Plaintiff satisfied the requirements of CPLR 3215 (f) for a default judgment by providing proof of service of the summons and complaint and proof of the facts constituting the claim, the default and the amount due. However, we decline to disturb the motion court's exercise of its broad discretion in finding sufficient defendants' excuse for their delay in answering the complaint (*Cirillo v Macy's, Inc.*, 61 AD3d 538, 540 [1st Dept 2009]), i.e., the parties' settlement discussions (*see Polanco v Scott*, 41 AD3d 182 [1st Dept 2007]; *Finkelstein v East 65th St. Laundromat*, 215 AD2d 178 [1st Dept 1995]).

We note, contrary to the motion court, that any irregularity in the affidavit of nonmilitary service submitted on plaintiff's motion for a default judgment did not rise to the level of a jurisdictional defect, since defendant Hilerio never made any pretense of either being on active military duty or being a military dependent at the time of her default (*see Department of Hous. Preserv. & Dev. of City of N.Y. v West 129th St. Realty Corp.*, 9 Misc 3d 61 [App Term, 1st Dept 2005]).

The motion court properly deemed defendants' answer

served, in light of defendants' reasonable excuse for the delay, the relatively short delay, plaintiff's failure to demonstrate prejudice, and the strong preference in this State for deciding matters on the merits.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Acosta, J.P., Saxe, Gische, Webber and Kahn, JJ.