HSBC Bank USA v Lugo (2019 NY Slip Op 01304)





HSBC Bank USA v Lugo


2019 NY Slip Op 01304


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Renwick, J.P., Tom, Singh, Moulton, JJ.


8447 381904/09

[*1]HSBC Bank USA, etc., Plaintiff-Respondent,
v
Betty Lugo, Defendant-Appellant, New Century Mortgage Corporation, et al., Defendants.


Pacheco & Lugo, PLLC, Brooklyn (Carmen A. Pacheco of counsel), for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains (Kenneth Flickinger of counsel), for respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered January 26, 2017, which denied the motion of defendant Betty Lugo to dismiss the complaint, and granted plaintiff's cross motion for leave to reply to defendant's counterclaims, unanimously modified, on the law, defendant's motion granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Defendant's motion did not violate the one-motion rule of CPLR 3211(e) because her prior motion was not based on the merits of the complaint (see Rivera v Board of Educ. of the City of N.Y., 82 AD3d 614 [1st Dept 2011]).
Once a defendant demonstrates prima facie that plaintiff lacks standing, it is plaintiff's burden to establish standing by showing physical possession of the note or a written assignment of the note prior to commencement of the action (see Deutsche Bank Natl. Trust Co. v Umeh, 145 AD3d 497 [1st Dept 2016]). It is the note, not the mortgage, that is the dispositive instrument that conveys standing to foreclose (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2016]).
Defendant demonstrated prima facie that plaintiff lacked standing based on the unverified complaint, the failure to allege in the complaint that plaintiff possessed the note or a written assignment prior to commencement of the action, the failure to include the note as an exhibit to the complaint, and the discrepancies between the copy of the note defendant received from the custodian and the copy provided by plaintiff in opposition to the motion to dismiss the complaint (see Bank of Am., N.A. v Thomas, 138 AD3d 523, 524 [1st Dept 2016]).
Plaintiff failed to provide sufficient evidence to raise a triable issue as to its standing, since it did not produce an affidavit of a person with knowledge stating that the note was in its possession or assigned to it in writing when the action was commenced. The assignment of the note, which was signed by a person who may not have had the authority to make the assignment, was insufficient because the endorsement was undated, on a separate page from the note, and made no reference to the note (see Wells Fargo Bank, N.A. v Jones, 139 AD3d 520, 523-524 [1st Dept 2016]). The statements of plaintiff's attorney and the paralegal at his law firm were insufficient because neither asserted that the note or assignment of the note were in plaintiff's possession or the legal file of its attorneys when the action was commenced.
The court properly granted plaintiff's motion to interpose a late reply to defendant's counterclaims. Plaintiff's attorney stated that he failed to serve the response to the counterclaims because he was focused on completing the short sale of the property, which would have mooted [*2]the litigation. He also prima facie stated a meritorious defense (see Finkelstein v East 65th St. Laundromat, 215 AD2d 178 [1st Dept 1995]), and there was no pattern of dilatory conduct by plaintiff or evidence of prejudice to defendant from the delay.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK