Matter of Petre v Lucia (2022 NY Slip Op 02965)

Matter of Petre v Lucia

2022 NY Slip Op 02965

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Renwick, J.P., Kapnick, Friedman, Rodriguez, Pitt, JJ. 

Index No. 300043/20 Appeal No. 15856-15856A Case No. 2021-02885, 2021-03825 

[*1]In the Matter of Gheorghe Petre, Petitioner-Appellant,
v
Joseph Lucia et al., Respondents-Respondents. 

Gheorghe Petre, appellant pro se.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J), entered on or about June 14, 2021, and order, same court (Wilma Guzman, J.), entered on or about October 4, 2021, which, to the extent appealed from as limited by the brief, denied plaintiff's motions for a default judgment against defendants, unanimously affirmed, without costs, without prejudice to refiling the motion upon proper papers.
Supreme Court properly denied plaintiff's motions for a default judgment, as plaintiff did not satisfy the requirements of CPLR 3215(f). Plaintiff failed to provide accurate proof of service of the summons and complaint. The affidavits of service submitted by plaintiff state service of the pleadings was completed on January 4, 2020, but the pleadings are dated in December 2020 — 11 months later. Although plaintiff averred that service of the pleadings on defendants was completed on January 4, 2021, and that there was an error in the affidavits of service, this is not a minor error, as facially the affidavits of service state that service was completed more than a year before the first motion for a default judgment was filed. Thus, if plaintiff seeks to refile the motion for a default judgment, he must submit corrected affidavits of service by the process server, with accurate dates of service, and identifying John Doe by his full name.
While the absence of a valid nonmilitary affidavit may be a simple irregularity and not a jurisdictional defect (see Gantt v North Shore-LIJ Health Sys., 140 AD3d 418, 418 [1st Dept 2016]), the nonmilitary affidavit is a requirement under federal law for any civil action in order to protect military personnel from default judgments (see 50 USC § 3931). Thus, plaintiff should have filed an affidavit stating whether any of the defendants are in military service, providing necessary facts to support the affidavit, or, if he was unable to determine if defendants are in military service, stating so (see Unitrin Advantage Ins. Co. v 21st Century Pharm., 158 AD3d 450, 451 [1st Dept 2018]; Avgush v De La Cruz, 30 Misc 3d 133[A], 2011 NY Slip Op 50076[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022