Bigio v Gooding (2023 NY Slip Op 00806)

Bigio v Gooding

2023 NY Slip Op 00806

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Kern, Singh, Scarpulla, JJ. 

Index No. 28327/20E Appeal No. 17319 Case No. 2021-03947 

[*1]Maria Bigio, et al., Plaintiffs-Appellants,
v
Alicides Gooding, Defendant-Respondent.

Joseph Soffer, Garden City, for appellants.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered October 4, 2021, which denied plaintiffs' motion for a default judgment against defendant, unanimously reversed, on the law, without costs, and the motion granted to the extent of granting plaintiff a default judgment on liability and remanding this case to Supreme Court to conduct an inquest on damages.
The court should have granted plaintiffs' motion for a default judgment (CPLR 3215). A party seeking a default judgment must submit proof of service of the summons and the complaint and "proof of the facts constituting the claim, the default and the amount due" (CPLR 3215[f]; see Gantt v North Shore-LIJ Health Sys., 140 AD3d 418, 418 [1st Dept 2016]). To demonstrate "facts constituting the claim," the movant need only proffer proof sufficient "to enable a court to determine that a viable cause of action exists" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]). The movant may do so either by submission of an affidavit of merit or by verified complaint, if one has been properly served (see CPLR 3215[f]; Woodson, 100 NY2d at 70).
Here, contrary to the court's conclusion, plaintiffs established the facts constituting their claim. Their verified complaint alleges that plaintiff Maria Bigio was walking in front of defendant's property when she tripped and fell on a defective sidewalk condition, sustaining injuries, and plaintiff stated in her verification that these allegations were true to her own personal knowledge. Because defendant, by defaulting, is deemed to have admitted "all traversable allegations in the complaint, including the basic allegation[] of liability," the allegations were sufficient to enable the court to determine that a viable negligence cause of action existed (Al Fayed v Barak, 39 AD3d 371, 372 [1st Dept 2007] [internal quotation marks omitted]; see also Woodson, 100 NY2d at 71; Brown v Rosedale Nurseries, 259 AD2d 256, 257 [1st Dept 1999]).
Additionally, any irregularity in the process server's affidavit of nonmilitary service did not rise to the level of a jurisdictional defect, given there is no claim that defendant was on active military duty or a military dependent when he defaulted (see Gantt, 140 AD3d at 418).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023