Hereford Ins. Co. v Physio Care Physical Therapy, PC (2024 NY Slip Op 24083)

[*1]

Hereford Ins. Co. v Physio Care Physical Therapy, PC

2024 NY Slip Op 24083

Decided on March 18, 2024

Supreme Court, New York County

Schumacher, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 18, 2024
Supreme Court, New York County

Hereford Insurance Company, Plaintiff,

against
Physio Care Physical Therapy, PC et al., Defendants.

Index No. 154199/2021

Goldberg, Miller & Rubin (Harlan R. Schreiber of counsel) for Plaintiff

Eric Schumacher, J.

NYSCEF doc nos. 58-67 were read on this motion for an order directing the entry of a default judgment.
Motion by plaintiff pursuant to CPLR 3215 for an order directing the entry of a default judgment on the amended complaint in favor of plaintiff and against defendant Shekima Roberts (hereinafter defendant [FN1]
) granted, there being no opposition submitted.
BACKGROUND
Plaintiff commenced this action on April 29, 2021, by filing a summons and complaint (see NYSCEF doc no. 1). Plaintiff subsequently filed an amended summons and amended complaint on April 30, 2021 (see NYSCEF doc nos. 2-3). The amended complaint alleges, in sum and substance, that defendant was allegedly injured while a passenger in a vehicle insured by plaintiff (see id. ¶¶ 12-14). The complaint further alleges that the subject insurance policy covers any occupants of the insured vehicle for any medical necessity and causally related medical expenses arising out of the use or operation of the insured vehicle as a result of an accidental collision (see id. ¶ 16). The complaint further alleges that tens of thousands of dollars in no-fault claims for treatment allegedly provided to defendant have been submitted to plaintiff (see id. ¶ 17). The complaint further alleges that defendant's testimony at an examination under oath raised issues about the legitimacy and necessity of such medical treatments (see id. ¶ 28). [*2]The complaint further alleges that defendant failed to subscribe and return her examination under oath transcript and appear for independent medical examinations, as duly requested by plaintiff (see id. ¶¶ 29-30). The complaint further alleges that, based on plaintiff's investigation into the collision and defendant's noncompliance with its requests, plaintiff believes defendant's alleged injuries and no-fault treatment were not causally related to the subject collision and did not arise from an insured event (see id. ¶ 31). Plaintiff seeks relief in the form of a judgment declaring that it owes no duty to pay the claims regarding the subject collision (see id. ¶¶ 38, 41). The amended complaint is verified by plaintiff's attorney, only (see id. at 12).
In the court's September 22, 2023 decision and order on motion seq. no. 002, the court extended the time for plaintiff to serve the complaint on defendant to 60 days from the date of the order (see NYSCEF doc no. 54). On October 26, 2023, plaintiff filed an affidavit of service of process indicating that, on October 6, 2023, a process server delivered the amended summons and amended complaint to a person of suitable age and discretion at defendant's residence and mailed a copy of process to the residence (see NYSCEF doc no. 56).
On February 5, 2024, plaintiff filed this motion for an order directing the entry of a default judgment in favor of plaintiff and against defendant (see NYSCEF doc no. 58). In support of the merits, plaintiff submits an unsworn statement, styled as an affidavit, allegedly of a senior no-fault adjuster assigned to defendant's claim number and familiar with the facts of the case based on their personal handling and review of the file (see affirmation of Schreiber, exhibit A ¶¶ 1-2, 6). The statement asserts, in sum and substance, that plaintiff maintains a founded belief that defendant's injuries and treatment did not arise from an insured event (id. ¶ 16).
DISCUSSION
CPLR 3215(a) provides, in pertinent part, that "[w]hen a defendant has failed to appear, plead or proceed to trial . . . the plaintiff may seek a default judgment against them." On a motion pursuant to CPLR 3215, a plaintiff demonstrates entitlement to a default judgment by submitting proof of: (1) service of the summons and complaint; (2) the defendant's default in answering, appearing, or otherwise responding to the complaint; (3) the facts constituting the claim; and (4) the amount due (see CPLR 3215[f]; Gordon Law Firm, P.C. v Premier DNA Corp., 205 AD3d 416, 417 [1st Dept 2022]; Gantt v N. Shore-LIJ Health Sys., 140 AD3d 418, 418 [1st Dept 2016]; Merchants Mut. Ins. Co. v Dunham Piping & Heating Corp., 203 AD3d 543, 544 [1st Dept 2022]).
The court finds based on the papers submitted that plaintiff has shown prima facie good service of process on defendant pursuant to CPLR 308(2) by means of the affidavit of service, that defendant has failed to answer, appear, or otherwise respond to the amended complaint, and that the time to do so has expired. The court further finds that plaintiff has submitted adequate proof of the facts constituting the claims by means of the unsworn statement submitted.
Effective January 1, 2024, the recently amended CPLR 2106 now provides:
"[t]he statement of any person wherever made, subscribed and affirmed by that person to be true under the penalties of perjury, may be used in an action in New York in lieu of and with the same force and effect as an affidavit. Such affirmation shall be in substantially the following form:
"I affirm this ___ day of ______, ____, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.
"(Signature)"
CPLR 2106 concerns the affirmation of the truth of statements. Prior to the recent amendment, the permissible use of unsworn statements with the same force and effect as affidavits was much more limited than it is now. Section (a) concerned only New York attorneys and certain health care practitioners, while section (b) concerned persons "physically located outside the geographic boundaries of the United States, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States." Both deprecated sections required the unsworn statement be subscribed and affirmed by the person making the statement "to be true under the penalties of perjury." The current statute removes section (a) entirely along with the geographic restrictions in (b), permitting such statements "wherever made."
Here, the unsworn submission states, "I affirm this 25th day of January, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law" and is signed with the same name as the person identified in the body as making the statement (affirmation of Schreiber, exhibit A, at 4). The court finds that the statement submitted satisfies the requirements of CPLR 2106 as amended and must be regarded as having the same force and effect as an affidavit. The court finds further that the statement submitted is adequate proof of the facts constituting the claims for the purpose of demonstrating entitlement to the entry of a default judgment. As such, plaintiff is entitled to a default judgment.
CONCLUSION
Accordingly, it is
ORDERED that the motion by plaintiff pursuant to CPLR 3215 for an order directing the entry of a default judgment on the complaint in favor of plaintiff and against defendant Shekima Roberts is granted, there being no opposition submitted; and it is further
ADJUDGED that plaintiff is not required to pay any sums, monies, damages, awards, or benefits to Shekima Roberts, including but not limited to Mandatory Personal Injury Protection (No-Fault), any uninsured, underinsured, supplementary uninsured, or supplementary underinsured motorist benefit claims, any medical payment claims, any property damage claims, and any bodily injury liability benefits, in connection with the alleged incident of July 28, 2020, claim number 91306; and it is further
ORDERED that, within five days of entry, plaintiff shall serve a copy of this order with notice of entry on Shekima Roberts and on the clerk, who shall enter judgment accordingly.
The foregoing constitutes the decision, order, and judgment of the court.
DATE 3/18/2024
Eric Schumacher, J.S.C.

Footnotes

Footnote 1:The complaint has been entirely resolved as to all other defendants by stipulations of discontinuance (see NYSCEF doc nos. 24, 44, 47) and the entry of default judgments before the prior motion court (see NYSCEF doc no. 41). Roberts is the only remaining defendant.