**Timoyanis v Xuanli Tang**

2024 NY Slip Op 32303(U)

July 8, 2024

Supreme Court, New York County

Docket Number: Index No. 156976/2023

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. LORI S. SATTLER**

*Justice*

PART  02M

-------------------------------------------------------------------------------X

PAMELA TIMOYANIS,

Plaintiff,

- v -

XUANLI TANG, LOXTON, INC.,HARRIS HOME REPAIR AND DEVELOPMENT, INC.,HARRIS HOME REPAIR AND DEVELOPMENT CORP., MICHAEL HARRIS, EASTERN LEAF CONSTRUCTION, INC.,WENG W. NG,

Defendant.

-------------------------------------------------------------------------------X

INDEX NO.  156976/2023

MOTION DATE  02/05/2024

MOTION SEQ. NO.  001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38

were read on this motion to/for                   JUDGMENT - DEFAULT                   .

In this action for property damage, Plaintiff Pamela Timoyanis ("Plaintiff") moves pursuant to CPLR 3215(d) for an order granting default judgment against Defendants Xuanli Tang, Loxton, Inc., Harris Home Repair and Development, Inc., Harris Home Repair and Development Corp., Michael Harris, Eastern Leaf Construction, Inc., and Weng W. Ng ("Defendants").  Plaintiff further moves to consolidate this matter with another matter pending before this Court under Index No. 151444/2021.  Defendants have not answered the Complaint and submit no opposition to the motion.

A plaintiff demonstrates entitlement to default judgment by submitting proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of a defendants' default in answering or appearing (CPLR 3215[f]; *Gantt v North Shore-LIJ Health Sys.*, 140 AD3d 418 [1st Dept 2016]).  Here, as to the corporate defendants, Plaintiff has annexed affidavits of service demonstrating that they were properly served via the Secretary of State

156976/2023   TIMOYANIS, PAMELA vs. TANG, XUANLI ET AL
   Motion No.  001

Page 1 of 5

[* 1]

(NYSCEF Doc. Nos. 4-7). Plaintiff further annexed affidavits of service upon the individual defendants Xuanli Tang (NYSCEF Doc. No. 3), Michael Harris (NYSCEF Doc. No. 9), and Weng W. Ng (NYSCEF Doc. No. 10). The Court finds that while service was properly effectuated on Defendant Xuanli Tang, service was not properly effectuated on Defendants Michael Harris or Weng W. Ng. These two individual defendants were served by "nail and mail" pursuant to CPLR § 308(4). As to Harris, the process server made two attempts and during the second attempt was told that Harris no longer lived at the home as it had been sold. Nevertheless, the server affixed process to the door of that home and then mailed it to the same address. No efforts were made to determine Harris's actual address (NYSCEF Doc. No. 17, 5). With respect to Ng, the server made one attempt to serve him at a building "with no apartment provided" and indicated that Ng was not listed as residing there (*id.* at 6). The server further claims to have "checked various online websites and phone services" but was unable to find a listing for Ng at that address. In each instance, the server was required to use due diligence to obtain Harris and Ng's whereabouts before resorting to "nail and mail" service, and the Court finds that the servers failed to do so (*see Casanova v Lopez*, 225 AD3d 446, 446-447 [1st Dept 2024]).

As to the remaining requirements on a motion for default judgment, Plaintiff submits an affidavit setting forth the facts as to Defendants' liability, a copy of the Verified Complaint filed July 11, 2023 (NYSCEF Doc. No. 2) and confirms that Defendants have failed to appear. The Court finds that Plaintiff has demonstrated her entitlement to default judgment as to the corporate defendant's and Tang's liability and that she is entitled to an inquest and assessment of damages.

Consolidation is within the discretion of the Court and is appropriate where two actions involve "a common question of law or fact" (CPLR § 602[a]). The burden is on a party resisting

156976/2023  TIMOYANIS, PAMELA vs. TANG, XUANLI ET AL
Motion No.  001

Page 2 of 5

consolidation to show that consolidation would be prejudicial (*Vigo S.S. Corp. v Marship Corp. of Monrovia*, 26 NY2d 157 [1970]). Courts are inclined to award consolidation where it promotes efficiency and judicial economy (*Amcan Holdings, Inc. v Torys LLP*, 32 AD3d 337 [1st Dept 2006]). The Court finds Plaintiff has established that the two actions arise out of the same set of common facts, namely damage to Plaintiff's property, that the two actions present the same issues of law, and that judicial economy is best served by consolidating the two actions.

Accordingly, it is

ORDERED that Plaintiff's motion for default is granted as against Defendants Xuanli Tang, Loxton, Inc., Harris Home Repair and Development, Inc., Harris Home Repair and Development Corp., and Eastern Leaf Construction, Inc. and denied as to Defendants Michael Harris and Weng W. Ng; and it is further

ORDERED, ADJUDGED, and DECLARED that Plaintiff Pamela Timoyanis has default judgment and does recover as against Defendants Xuanli Tang, Loxton, Inc., Harris Home Repair and Development, Inc., Harris Home Repair and Development Corp., and Eastern Leaf Construction, Inc., in an amount to be determined at inquest; and it is further

ORDERED that Plaintiff shall, within 20 days from entry of this Order, serve a copy of this order with Notice of Entry upon the parties or counsel for any represented party or parties, and upon the Clerk of the General Clerk's Office, and shall serve and file with said Clerk a Note of Issue and Statement of Readiness and shall pay the fee therefor, and said Clerk shall cause the matter to be placed upon the calendar for trial as to damages; and it is further

ORDERED that the consolidation motion is granted and the above-captioned action is consolidated in this Court with Pamela Timoyanis v. Zhongmeng (U.S.A.), Co. Ltd., Xuanli

**156976/2023  TIMOYANIS, PAMELA vs. TANG, XUANLI ET AL**
  **Motion No.  001**

**Page 3 of 5**

3 of 5

[* 3]

Tang, Index No. 151444/2022, under Index No. 151444/2022, and the consolidated action shall bear the following caption:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

————————————————————X

PAMELA TIMOYANIS,

               Plaintiff,                    Index No. 151444/2021

     -against-

ZHONGMENG (U.S.A.) CO. LTD., XUANLI TANG,
LOXTON, INC., HARRIS HOME REPAIR AND
DEVELOPMENT, INC. HARRIS HOME REPAIR
AND DEVELOPMENT CORP., MICHAEL HARRIS,
EASTERN LEAF CONSTRUCTION, INC., and
WENG W. NG,

               Defendants.

————————————————————X

and it is further

ORDERED that the pleadings in the actions hereby consolidated shall stand as the pleadings in the consolidated action; and it is further

ORDERED that movant is directed to serve a copy of this Order with Notice of Entry on the County Clerk, who shall consolidate the papers in the actions hereby consolidated and shall mark the records to reflect the consolidation; and it is further

ORDERED that movant is directed to serve a copy of this Order with Notice of Entry on the Clerk of the Trial Support Office, who is hereby directed to mark the Court's records to reflect the consolidation; and it is further

ORDERED that, as applicable and insofar as is practical, the Clerk of this Court shall file the documents being consolidated in the consolidated case file under the index number of the

156976/2023   TIMOYANIS, PAMELA vs. TANG, XUANLI ET AL
Motion No.  001

Page 4 of 5

4 of 5

[* 4]

consolidated action in the New York State Courts Electronic Filing System or appropriate notations of such documents in the e-filing records of the court so as to ensure access to the documents in the consolidated action.

    This constitutes the Decision and Order of the Court.

| 7/8/2024 | | LORI S. SATTLER, J.S.C. |
|---|---|---|
| **DATE** | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

[* 5]