## Deepdale Specialty Fin. I LLC v Harvard Med. Supplies LLC

2024 NY Slip Op 34547(U)

December 30, 2024

Supreme Court, New York County

Docket Number: Index No. 655426/2023

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. MELISSA A. CRANE**

*Justice*

PART        **60M**

-----------------------------------------------------------------------------X

DEEPDALE SPECIALTY FINANCE I LLC,

Plaintiff,

- v -

HARVARD MEDICAL SUPPLIES LLC,SARAH ROSENBERG, MENACHEM STEINMETZ, GERSHON BARKANY AKA GARY GERSHON, DART SEASONAL PRODUCTS, INC.,JTG WHOLESALE LLC,PLAINVIEW ENTERPRISES LLC,GENESIS HEALTHCARE PARTNERS LLC,GENESIS PRX PARTNERS LLC,GLENSTAR PRX PARTNERS LLC,

Defendant.

-----------------------------------------------------------------------------X

INDEX NO.       655426/2023

MOTION DATE     07/31/2024

MOTION SEQ. NO.     008

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 008) 141, 142, 143, 144, 145, 146, 147, 148

were read on this motion to/for            JUDGMENT - DEFAULT     .

## Background

In Motion Seq. No. 05, plaintiff Deepdale Specialty Finance LLC ("plaintiff" or "Deepdale") moved, pursuant to CPLR 3215, for leave to enter a default judgment as against four defendants: Harvard Medical Supplies, Dart Seasonal Products, Inc., Genesis Healthcare Partners LLC, Genesis PRX Partners LLC (Doc 91 [Notice of Motion]). The court denied the unopposed motion and permitted Deepdale to make a new motion on proper papers (Doc 135 [MS 05 Decision]).

Deepdale now moves for an order granting it a default judgment on the issue of liability as against the non-answering defendants Harvard Medical Supplies ("Harvard"), Dart Seasonal Products, Inc. ("Dart"), Genesis Healthcare Partners LLC ("Genesis Healthcare"), and Genesis

**655426/2023  DEEPDALE SPECIALTY FINANCE I LLC vs. HARVARD MEDICAL SUPPLIES LLC ET AL**
**Motion No.  008**

**Page 1 of 7**

1 of 7

[* 1]

PRX Partners LLC ("Genesis PRX"), on its claims for breach of contract, fraud, and aiding and abetting fraud (Doc 91 [Notice of Motion]). The motion is unopposed.

## Standard

To obtain a default judgment under CPLR 3215, a plaintiff must file proof of proper service of the summons and complaint, the defendant's default, and the facts constituting the claim (*see* CPLR 3215 [f]; *Zelnik v Bidermann Indus. U.S.A., Inc.*, 242 AD2d 227, 228 [1st Dept 1997]). The moving party is required to satisfy the Court as to the prima facie validity of the uncontested cause of action by establishing the facts constituting the claim (*Gantt v North Shore-LIJ Health Sys.*, 140 AD3d 418, 418 [1st Dept 2016]).

## Discussion

Plaintiff adequately establishes that the court has jurisdiction over the non-appearing defendants under CPLR 302 (a) (1). Plaintiff also establishes that it properly served the non-appearing defendants with the summons and first amended complaint in February 2024 (Doc 147 [AOS]). Defendants Harvard, Dart, Genesis Healthcare, and Genesis PRX have not answered or otherwise appeared in this action.

1.  Breach of Contract Against Harvard

The elements of a cause of action for breach of contract are "the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages" (*Noto v. Planck, LLC*, 228 AD3d 516, 638 [1st Dept 2024]; *Markov v Katt*, 176 AD3d 401, 401-402 [1st Dept 2019]).

**655426/2023   DEEPDALE SPECIALTY FINANCE I LLC vs. HARVARD MEDICAL SUPPLIES LLC ET AL**
**Motion No.  008**

**Page 2 of 7**

2 of 7

Through the First Amended Complaint, verified by Jeremy Markowitz, Deepdale's principal, Deepdale establishes, *prima facie,* its claim for breach of contract against Harvard (First Amended Complaint [NYSCEF Doc. 46]). Under Deepdale's loan agreement with Harvard, Deepdale agreed to loan Harvard funds so that Harvard could purchase bulk PPE equipment and resell those materials to hospitals and other healthcare providers (*id.*, ¶ 25, 26; *see also* Doc 47 [loan agreement]). Deepdale establishes that it performed under the agreements by funding the loan in the principal amount of $3,028,000, as well as a series of advances, altogether totaling $16,058,800 (Doc 46 [FAC], ¶ 27). Deepdale also adequately asserts that Harvard defaulted on its obligations under the loan agreement by failing to make any required payments by the maturity date (*id.*, ¶ 40).

Accordingly, Deepdale is entitled to a default judgment on the issue of liability against Harvard for the first cause of action.

2. Fraud Against Harvard

Plaintiff alleges that Harvard's business was a sham "designed to steal millions of dollars from Deepdale" (Doc 46 [FAC] ¶ 47). To establish a *prima facie* fraud claim, a complaint must allege misrepresentation or concealment of a material fact, falsity, scienter on the part of the wrongdoer, justifiable reliance, and resulting injury (*IKB Intl. S.A. v Morgan Stanley*, 142 AD3d 447 [1st Dept 2016]).

Deepdale alleges that pursuant to the agreement, Harvard sent Deepdale invoices for PPE equipment that it had allegedly purchased from various venders (FAC, ¶¶ 37, 38). Deepdale then paid the vendors, directly, on Harvard's behalf (*id.*, ¶ 39). Deepdale establishes, prima facie, that defendant Barkany and other defendants manufactured the false invoices and resale purchase orders on Harvard's behalf, with the intent to induce Deepdale to send funds under false pretenses

655426/2023   DEEPDALE SPECIALTY FINANCE I LLC vs. HARVARD MEDICAL SUPPLIES LLC       Page 3 of 7
ET AL
Motion No. 008

3 of 7

[* 3]

(*id.*, ¶ 39). Deepdale alleges that once Deepdale wired the funds to the vendor pursuant to the submitted invoice, the funds were redirected back to Harvard, or to defendant Barkany, and improperly used to repay Barkany's other debts and to fund other projects (*id.*, ¶ 54). In sum, Deepdale alleges that Harvard's "entire existence and operations were all part of a fraudulent scheme designed to steal millions of dollars from Deepdale" (*id.*, ¶¶ 47, 48). Deepdale adequately asserts that the loan proceeds were not repaid.

Accordingly, Deepdale is entitled to a default judgment on the issue of liability against Harvard for its fraud claim.

3. <u>Aiding and Abetting Fraud Against Dart, Genesis HC, and Genesis PRX</u>

"A plaintiff alleging an aiding-and-abetting fraud claim must allege the existence of the underlying fraud, actual knowledge, and substantial assistance" (*William Doyle Galleries, Inc. v Stettner*, 167 AD3d 501 [1st Dept 2018]).

Here plaintiff establishes, prima facie, that Dart, Genesis Health, and Genesis PRX had knowledge of the underlying fraud, and that they received wire transfers with references to invoice numbers that did not exist and they redirected the wired funds to Harvard or the individual defendants (FAC, para 105).

Deepdale demonstrates that Dart did not use the funds to fulfill any invoice or for some proper Loan purpose because it redirected the funds to Harvard or the individual defendants (*id.*, ¶ 105). Moreover, Deepdale establishes *prima facie* that Dart provided substantial assistance to Harvard and the individual defendants by purporting to be a PPE vendor, accepting Deepdale's wired funds that referenced a fraudulent Invoice, redirecting those funds back to Harvard or the individual defendants, and by communicating directly with Deepdale to offer assurances of Harvard's repayment (*id.*, ¶ 106).

655426/2023   DEEPDALE SPECIALTY FINANCE I LLC vs. HARVARD MEDICAL SUPPLIES LLC          Page 4 of 7
ET AL
Motion No.  008

[* 4]

4 of 7

Deepdale also establishes, prima facie, that Genesis Healthcare and Genesis PRX had actual knowledge of the fraud. Defendant Barkany was Genesis HC's and Genesis PRX's sole member and Barkany's knowledge of the fraud can be imputed to Genesis HC and Genesis PRX (for the purpose of this default judgment motion). In addition, Deepdale establishes that Genesis HC and Genesis PRX were shell entities with no legitimate business purposes that Barkany and his associates used to carry out the fraud (*id.*, ¶ 110). Deepdale's submissions demonstrate, prima facie, that Genesis HC and Genesis PRX provided substantial assistance to Harvard and the individual defendants in perpetuating the fraud by knowingly accepting the wired funds and hindering Deepdale's recovery of those loan proceeds (*id.*, ¶ 111).

Accordingly, plaintiff is entitled to a default judgment on the issue of liability against Dart, Genesis Health, and Genesis PRX for the aiding and abetting fraud claims (fifth and sixth causes of action).

4. <u>Avoidance of a Fraudulent Transfer Against Genesis Health and Genesis PRX</u>

Finally, Deepdale moves for a default judgment on the issue of liability against Genesis Health and Genesis PRX for avoidance of a fraudulent transfer under 6 Del. C. ch. 13.

To establish a claim for actual fraudulent transfer under 6 Del. C. 1304(b), a plaintiff must show either actual intent to hinder, delay or defraud any creditor or inadequate value received for a transfer, combined with either insufficient assets for business or at least constructive belief that the transferor would incur debts exceeding its ability to repay them as they come due. (*Yu v. GSM Nation, LLC*, 2018 WL 2272708 [Del. Super. Ct. Apr. 24, 2018]; *see also* 6 Del. C. ch. 13). Moreover, under Delaware law actual fraud must be pleaded with particularity (*Cleveland-Cliffs Burns Harbor LLC*, 2023 WL 5688392, at \*10 [Del. Ch. 2023]). Plaintiff must establish

**655426/2023   DEEPDALE SPECIALTY FINANCE I LLC vs. HARVARD MEDICAL SUPPLIES LLC**          **Page 5 of 7**
**ET AL**
**Motion No.  008**

[* 5]

5 of 7

defendants' intent to defraud with specific supporting facts describing the circumstances of the transfers (*JPMorgan Chase Bank, N.A. v. Ballard*, 213 A3d 1211, 1245 [Del. Ch. 2019]).

Sections 1304(a)(2) and 1305(a) provide causes of action for constructive fraudulent transfer. "To state a claim under either provision, a plaintiff must allege (i) that the transferor failed to receive reasonably equivalent value for the asset transferred and (ii) that the transferor was insolvent at the time of the transfer, or was rendered insolvent by the transfer" (*Cleveland-Cliffs Burns Harbor LLC*, 2023 WL 5688392, at *10 [Del. Ch. 2023]). These elements are not subject to the heightened pleading requirement (*id.*).

Here, Deepdale establishes actual and constructive fraudulent transfer under 6 Del. C. ch. 13. Deepdale demonstrates, prima facie, that (i) nonparty DGN Pharmacy Inc. executed a promissory note in favor of Genesis HC in December 2023, and th the DGN Promissory Note was not disclosed to Deepdale; (ii) the Genesis defendants transferred the note to Glenstar while Deepdale was attempting to collect on the loan; (iii) the DGN Promissory Note for payment of $2,558,000.00 with interest was substantially all of the Genesis defendants' assets; and (iv) the value received for the transfer ($100.00) was not reasonably equivalent to the value of the asset transfer ($2,558,000.00 with interest) (FAC, ¶ 118-19). Thus, Deepdale has sufficiently established that defendants Genesis Health and Genesis PRX intended to hinder, delay or defraud Deepdale and that they would be unable to repay Deepdale as a result of the improper transfer.

Accordingly, plaintiff is entitled to a default judgment on the issue of liability against Genesis Health and Genesis PRX for Avoidance of a Fraudulent Transfer under 6 Del. C. ch. 13 (seventh cause of action).

## CONCLUSION

**655426/2023   DEEPDALE SPECIALTY FINANCE I LLC vs. HARVARD MEDICAL SUPPLIES LLC          Page 6 of 7
ET AL
Motion No.  008**

[* 6]

6 of 7

For the reasons stated above, the court grants plaintiff's unopposed motion for a default judgment on the issue of liability against the non-appearing defendants.

Accordingly, it is

ORDERED that plaintiff's unopposed motion (MS 08) is granted, as set forth in this decision and order; and it is further

ORDERED that plaintiff is awarded a default judgment on the issue of liability against defendant Harvard for plaintiff's first and fourth causes of action for breach of contract and fraud; and it is further

ORDERED that plaintiff is awarded a default judgment on the issue of liability against Dart for the fifth cause of action for aiding and abetting fraud; and it is further

ORDERED that plaintiff is awarded a default judgment on the issue of liability against Genesis Health and Genesis PRX on the sixth and seventh causes of action for aiding and abetting fraud and avoidance of a fraudulent transfer; and it is further

ORDERED that these remaining claims are severed and shall continue as against the defendants that have appeared in this case; and it is further

ORDERED that the court will hold a conference to discuss the procedures for an inquest on damages over Microsoft Teams on 1/7/25 at 3:30 p.m.

| **12/30/2024** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **MELISSA A. CRANE, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**655426/2023  DEEPDALE SPECIALTY FINANCE I LLC vs. HARVARD MEDICAL SUPPLIES LLC          Page 7 of 7
ET AL
Motion No.  008**

[* 7]

7 of 7