**De Herrera v Daza**

2025 NY Slip Op 30851(U)

March 17, 2025

Supreme Court, Kings County

Docket Number: Index No. 500635/2024

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of the
Supreme Court of the State of
New York, held in and for the
County of Kings, at the
Courthouse, at Civic Center,
Brooklyn, New York, on the
17th day of March 2025

HONORABLE FRANCOIS A. RIVERA

-----------------------------------------------------------------------X

LEISY MARILIF BONILLA DE HERRERA

                          Plaintiff,

              - against -

NICOLASA DAZA D/B/A, NICOL'S
UNISEX A/K/A NICOL UNISEX,

                        Defendant.

-----------------------------------------------------------------------X

**DECISION & ORDER**

Index No.: 500635/2024

Oral Argument: 1/16/2025

Cal. No.: 6

Ms. Seq. No.: 2

       Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on October 24, 2024, under motion sequence number two, by Leisy Marlif Bonilla De Herrera (hereinafter the plaintiff) for an order pursuant to CPLR 3215, granting the plaintiff leave to enter a default judgment against Nicolasa Daza d/b/a Nicol's Unisex a/k/a Nicol Unisex (hereinafter the defendant) for failing to appear or answer the complaint. The motion is unopposed.

-Notice of Motion
-Affirmation in Support
      -Exhibits A-G
-Affidavit of Service

**BACKGROUND**

       On January 8, 2024, the plaintiff commenced the instant action for damages for personal injury by filing a summons and verified complaint (hereinafter the commencement papers) with the Kings County Clerk's office. The verified complaint contains sixty-seven allegations of fact in support of four denominated causes of action. The verified complaint alleges in some substance that on May 16, 2023, while in the defendant's salon to get treatment, the defendant negligently applied certain products to the plaintiff's skin and scalp that caused her injury.

On April 9, 2024, the plaintiff filed a similar notice of motion, under motion sequence number one, for an order pursuant to CPLR 3215, granting the plaintiff leave to enter a default judgment against Nicolasa Daza d/b/a Nicol's Unisex a/k/a Nicol Unisex.

By decision and order issued on June 14, 2024, the court denied the earlier motion under motion sequence number one without prejudice because the plaintiff failed to submit an affidavit that the defendant was not in active military service as required under 50 USC § 3931.

## MOTION PAPERS

The motion papers filed by the plaintiff consist of the notice of motion, the affirmation in support, the affidavit of service, and seven exhibits labeled A-G. Exhibit A is a copy of the summons and complaint. Exhibit B is a copy of the affidavit of service for the summons and complaint. Exhibit C is denominated as a default letter, dated February 16, 2024, along with a copy of the certified mail return receipt. Exhibit D is a copy of a signed certified delivery mail return receipt with a USPS tracking number and a proof of delivery from USPS tracking services. Exhibit E is denominated as a default letter, dated March 1, 2024, along with a scan of an envelope addressed to the defendant, and a copy of a certified mail return receipt. Exhibit F is a copy of a signed certified delivery mail receipt, with a USPS tracking number and a proof of delivery from USPS tracking services. Exhibit G is a copy of the affirmation of military investigation and a document denominated as a Status Report Pursuant to Servicemembers Civil Relief Act.

## LAW AND APPLICATION

CPLR 3215 provides in pertinent part as follows:

(a) Default and entry. When a defendant has failed to appear, plead, or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him. . . . (f) Proof. On any application for judgment by default, the applicant shall

Page **2** of **4**

[* 2]

file proof of service of the summons and the complaint . . . and proof of the facts constituting the claim, the default, and the amount due . . . by affidavit made by the party[.] . . . Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or the party's attorney.

"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defaulting party's default in answering or appearing" (*Atlantic Cas. Ins. Co. v RJNJ Servs., Inc.*, 89 AD3d 649, 651 [2d Dept 2011], citing CPLR 3215 [f]). "CPLR 3215 (f) states, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim, the default, and the amount due are to be set forth in an affidavit 'made by the party'" (*HSBC Bank USA, N.A. v Betts*, 67 AD3d 735, 736 [2d Dept 2009], citing CPLR 3215 [f]). CPLR 105 (u) permits a verified complaint to substitute an affidavit if needed (*see* CPLR 105 [u]).

While the absence of a valid nonmilitary service affidavit may be an irregularity and not a jurisdictional defect (*see Gantt v. North Shore-LIJ Health Sys.*, 140 AD3d 418, 418, [1st Dept 2016]), the nonmilitary service affidavit is a requirement under federal law for any civil action in order to protect military personnel from default judgments (*see* 50 USC § 3931).

Here, the affidavit of plaintiff's process server established that the commencement papers were personally served on the defendant. The complaint was verified by the plaintiff and, therefore, in accordance with CPLR 105 (u) it properly served as an affidavit of merit. Moreover, the allegations of fact asserted therein set forth a viable claim against the defendant.

When the plaintiff filed the earlier motion under sequence number one, the Court found that the plaintiff complied with all requirements under CPLR 3215 except for failing to provide an affidavit of nonmilitary affidavit. Now, under motion sequence two, the plaintiff has complied

[* 3]

with every requirement, including filing the requisite nonmilitary affidavit. Accordingly, under motion sequence two, the plaintiff has now fully complied. Therefore, the motion for leave to enter a default judgment may be granted.

**CONCLUSION**

The motion by plaintiff, Leisy Marlif Bonilla De Herrera for an order pursuant to CPLR 3215, granting leave to enter a default judgment against defendant Nicolasa Daza d/b/a Nicol's Unisex a/k/a Nicol Unisex for failing to appear or answer the complaint is granted.

The plaintiff is to appear for an in-person inquest scheduled for 2:30 p.m. in Part 52 on June 16, 2025.

The foregoing constitutes the decision and order of this Court.

ENTER:

_____
J.S.C.

*Researched and drafted with the assistance of Dyuani Heard, a senior at John Jay College of Criminal Justice

[* 4]