**Stravitz v City of New York**

2025 NY Slip Op 31313(U)

April 16, 2025

Supreme Court, New York County

Docket Number: Index No. 159299/2024

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. HASA A. KINGO**                    PART           05M

*Justice*

---------------------------------------------------------------------X

DAVID STRAVITZ,                                  INDEX NO.        159299/2024

                              Plaintiff,         MOTION DATE      04/10/2025

                - v -                            MOTION SEQ. NO.      001

THE CITY OF NEW YORK, 197 MADISON CONVENIENCE
AND VAPE CORP., 197 MADISON HOLDINGS LLC         **DECISION + ORDER ON
                                                 MOTION**
                              Defendant.

---------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17

were read on this motion for                     DEFAULT JUDGMENT                    .

Plaintiff David Stravitz ("Plaintiff") moves pursuant to CPLR §3215(a) and (b) for an order entering default judgment against defendants 197 Madison Convenience and Vape Corp. and 197 Madison Holdings, LLC ("Defaulting Defendants"), or alternatively, setting the matter down for an inquest on damages. Plaintiff also seeks costs, attorneys' fees, and sanctions due to the Defaulting Defendants' failure to appear, answer, or otherwise defend this action.

## BACKGROUND AND PROCEDURAL HISTORY

This action arises from a September 15, 2023, incident in which Plaintiff, while lawfully present at or near the premises located at 197 Madison Avenue, New York, New York, was caused to trip and fall due to a hazardous and defective sidewalk condition. As a result of the fall, Plaintiff alleges he suffered grievous and permanent personal injuries.

On October 7, 2024, Plaintiff commenced this personal injury action by filing a summons and verified complaint. The Defaulting Defendants were duly served via the New York Secretary of State in accordance with Business Corporation Law §306 and Limited Liability Company Law §303 on October 17, 2024, as evidenced by affidavits of service (Exhibit B).

Despite proper service and a statutory obligation under CPLR §3012(a) to respond within 20 days, more than four months have elapsed and the Defaulting Defendants have failed to answer, appear, or otherwise participate in this litigation. Plaintiff's counsel served default notices (Exhibit C) and made efforts to resolve the default before filing the instant motion. No response was received.

The City of New York, a co-defendant, has appeared in the matter and is not subject to this motion.

[* 1]

## ARGUMENT

Plaintiff argues that he is entitled to a default judgment pursuant to CPLR §3215 because he has submitted all necessary proof: (1) affidavits of service demonstrating proper service upon the Defaulting Defendants; (2) an affidavit of merit outlining the facts supporting liability; and (3) an attorney affirmation confirming the default. Plaintiff further asserts that Defendants' failure to respond is willful and prejudicial, and he requests that the court order an inquest to determine damages.

Additionally, Plaintiff requests the court exercise its discretion to award attorneys' fees and costs based on the unnecessary expense incurred in prosecuting this motion due to Defendants' failure to participate.

## DISCUSSION

CPLR §3215 permits a plaintiff to obtain a default judgment when a defendant has failed to appear, plead, or proceed. Specifically, CPLR §3215(f) provides that: "On any application for judgment by default, the applicant shall file... proof of service of the summons and the complaint, the facts constituting the claim, the default and the amount due by affidavit made by the party, or where the state of facts is not within the personal knowledge of the party, by the party's attorney."

The Appellate Division, First Department, has made clear that a plaintiff establishes entitlement to default judgment where there is: (1) proper service; (2) proof of the facts constituting the claim; and (3) proof of the default (*see Gantt v North Shore–LIJ Health Sys.*, 140 AD3d 418, 418 [1st Dept 2016]; *see also Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.*, 25 NY3d 498, 505 [2015]).

Where the plaintiff's submissions meet these criteria, "the court must grant the default judgment unless the defendant can demonstrate a reasonable excuse for the default and a meritorious defense" (*Gray v B.R. Trucking Co.*, 59 NY2d 649, 650 [1983]). Here, no opposition has been submitted and no excuse has been offered.

### I.     Proof of Service

With respect to service, Plaintiff has established that service of the summons and verified complaint was properly effected upon both Defaulting Defendants on October 17, 2024, via the Secretary of State under BCL §306 and LLC Law §303, as evidenced by the affidavits of Juliya Maiouchkina (Exhibit B). These constitute valid and conclusive proof of jurisdiction.

### II.     Proof of the Facts Constituting the Claim

The verified complaint and affidavit of merit allege that Plaintiff sustained serious injuries after tripping on a defective and hazardous sidewalk condition outside 197 Madison Avenue. The pleadings and supporting affirmation articulate facts demonstrating the Defaulting Defendants' negligent ownership, control, and maintenance of the premises in violation of their duty to maintain it in a reasonably safe condition.

159299/2024   STRAVITZ, DAVID vs. THE CITY OF NEW YORK ET AL          Page 2 of 4
Motion No.  001

2 of 4

[* 2]

Indeed, under longstanding New York law, a property owner may be held liable for injuries caused by unsafe conditions on the premises that the owner either created or had actual or constructive notice of (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Plaintiff has sufficiently pled that both Defaulting Defendants exercised control over the premises and had or should have had notice of the sidewalk condition.

### III.   Proof of the Default

The affirmation of counsel and the NYSCEF docket reflect that neither Defaulting Defendant has appeared or answered the complaint within the time prescribed by CPLR §3012(a). The lapse of more than four months since service supports an inference that the default is willful, particularly in light of Plaintiff's good-faith outreach via letter (Exhibit C) and additional personal service in March 2025.

### IV.   Inquest on Damages

While Plaintiff's allegations as to liability are accepted as true for the purposes of a default judgment (*see Rokina Optical Co., Inc. v Camera King, Inc*., 63 NY2d 728, 730 [1984]), damages must still be proven at an inquest unless the claim is for a sum certain. Here, Plaintiff seeks compensation for personal injuries, pain and suffering, medical expenses, and related losses — all of which require evidentiary proof.

### V.   Attorneys' Fees and Sanctions

While the court is sympathetic to Plaintiff's additional expenditures, an award of attorneys' fees or sanctions under CPLR §8303-a or 22 NYCRR §130-1.1 requires a showing of frivolous conduct. Though the Defaulting Defendants' nonappearance has been cavalier, the court declines to impose sanctions at this time absent a more developed record. The court, however, grants leave for Plaintiff to renew this request at the conclusion of the inquest.

Accordingly, it is hereby:

ORDERED that Plaintiff's motion for a default judgment is granted as against Defendants 197 Madison Convenience and Vape Corp. and 197 Madison Holdings, LLC; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment on liability in favor of Plaintiff David Stravitz and against 197 Madison Convenience and Vape Corp. and 197 Madison Holdings, LLC; and it is further

ORDERED that an inquest shall be held at the time of trial or on a date to be scheduled by the court to assess damages against the Defaulting Defendants; and it is further

ORDERED that the branch of Plaintiff's motion for costs, attorneys' fees, and sanctions is denied, with leave to renew, at the conclusion of the inquest; and it is further

159299/2024   STRAVITZ, DAVID vs. THE CITY OF NEW YORK ET AL          Page 3 of 4
Motion No.  001

3 of 4

ORDERED that Plaintiff shall serve a copy of this decision and order with notice of entry upon all parties within ten (10) days of entry.

This constitutes the decision and order of the court.

20250416155022HKINGOACH___A1183F4759ACE4946596F1F882

| 4/16/2025 | |
|-----------|---|
| **DATE** | **HASA A. KINGO, J.S.C.** |

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
|------------|---|------------------|---|--------------------------|---|---|
| | ☒ | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**159299/2024   STRAVITZ, DAVID vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 4 of 4