Benjamin Brenner, J.
Glalin Arms Corp., the third-party plaintiff, asks that judgment over for indemnification be granted by default and M. Krugman Construction Corp., the third-party defendant, seeks a dismissal of the third-party complaint. The claimed default on the part of Krugman is not upon its failure to answer the third-party summons and complaint served upon it some three years before trial of the principal suit but because Krugman declined, after several weeks’ notice in writing, prior to the trial, to appear and defend the main suit.
Glalin’s arguments are, in essence, that at the time the principal suit was commenced in 1962 and thereafter when the third-party summons and complaint was served, there was no statutory requirement which compelled an appearance or answer by the third-party defendant; that consequently the failure to *1020 answer could not be the basis for the entry of a default judgment. Indeed, according to Glalin, since no cause could accrue for indemnification until after the plaintiff in the principal suit secured a judgment against Glalin, there was no legal compulsion for any appearance or answer by Krugman to the third-party summons and complaint, though, to avoid multiplicity of trials, it was permissive for Krugman to do so. Additionally, Glalin argues, since a written demand for Krugman’s participation in the trial was made, this amounted to a ‘ ‘ vouching in ’ ’ and the failure of Krugman to respond to that demand and defend the third-party suit constituted the first and only default which forms a legal base for judgment over in the sum awarded the principal plaintiff.
The arguments contra are equally interesting. According to Krugman there was, indeed, a default if the third-party summons and complaint was served upon it some three years ago, which default occurred but one time and that was when it failed to appear or answer; that the provisions of 193-a of the Civil Practice Act required an answer to the third-party complaint and even if such answer was not compulsory the present statutory requirement of CPLR 3011 for a third-party answer is retroactive, mandating an answer when it became effective. Consequently, the argument goes on, Glalin’s failure to enter a default judgment under CPLR 3215 within one year after the default amounts to abandonment of the third-party suit, requiring its dismissal. As to Glalin’s claim that Krugman was “ vouched in ”, Krugman argues that this doctrine of “ vouching in ” was not satisfied, because the aforesaid letter was untimely and did not grant control to the vouchee of the defense in the main action.
Undoubtedly, a third-party suit for indemnification accrues on determination of the primary suit (Satta v. City of New York, 272 App. Div. 782) and, in my view, it would be premature, as it would be awkward to enter a judgment therein, either on the merits or on default, prior to a finding of wrongdoing and liability on the part of the indemnitee toward the injured plaintiff in the principal suit. A contrary holding would make it possible for a wholly nebulous conditional judgment to be entered on an unaccrued third-party cause, having no factual base and in which the issues could not possibly be resolved except until or following trial of the main suit. It is equally unrealistic to say that a default judgment in the third-party suit should precede the primary suit, for the precondition of a fact finding of active wrongdoing would not ordinarily be urged *1021 against the defaulting indemnitor by an indemnitee whose main concern at the later trial is to avoid imputation of all fault in the principal suit. The cited case of Grant Co. v. Uneeda Doll Co. (19 A D 2d 361, affd. 15 N Y 2d 571) is not apposite here since the court there held only that the plaintiff could maintain a separate action for indemnification prior to the resolution of the primary action. It did not, however, hold that the indemnification suit could be tried or a judgment entered thereon prior to resolution of the primary action. Rather, the case of Ross v. Pawtucket Mut. Ins. Co. (13 N Y 2d 233) would appear to support my view in the matter though in this latter ease the right to indemnity accrued pursuant to contract rather than common law. In any case, it would be most unusual for trial on the merits of the third-party suit or judgment thereon to precede trial of the primary cause.
While it would appear that the provisions of 1008 and 3011 CPLR mandate an answer to a third-party complaint (3 Weinstein-Korn-Miller, par. 3011.04; McKinney’s Consolidated Laws of New York, Book 7B, CPLR 2201-3100, 1965 Cumulative Annual Pocket Part, p. 41), the instant third-party complaint was served prior to the effective date of the CPLR and consequently served pursuant to section 193-a of the Civil Practice Act which made an answer to a third-party complaint clearly permissive. Under 10003 the provisions of the CPLR also apply to further proceedings in pending actions, but that section also states that where the ‘ ‘ court determines that application in a particular pending action would not be feasible or would work injustice ” the former procedure applies. As I believe that the application here of the CPLR provisions would indeed work injustice, I am constrained to find that the provisions of section 193-a of the Civil Practice Act sanctioning permissive answers to a third-party complaint are applicable.
It is, of course, desirable to encourage answers to third-party complaints so that all parties and issues are before the court at one time, and the provisions of CPLR 1008 and 3011 presently mandate this desirable procedure. However, it should be borne in mind that under the provisions of section 193-a of the Civil Practice Act, effective when this action was brought, while it was conceivable to do so, neither party here sought effectively to enforce resolution of the merits of the indemnification issue at the primary trial. Hence, despite the desirability of a single trial of all issues, the question of liability of the party only secondarily liable was perforce postponed until resolution of primary fault. Incidentally, this holding, while it favors the *1022 third-party defendant, after all parallels the right of the third-party plaintiff not to have its right to indemnification impaired by rules precluding same before its accrual (Matter of Valstrey Serv. Corp. v. Board of Elections, 2 N Y 2d 413; Musco v. Conte, 22 A D 2d 121, 125).
In the light of what has been said, I must hold that the provisions of CPLR 3215 do not require a third-party plaintiff to enter a default judgment against a third-party defendant within one year, unless and until there be an adjudication of the primary action. In any case, as above indicated, the answer to the third-party complaint in the instant action not being compulsory, it follows that the third-party plaintiff could not have taken a default judgment within one year since there had been no default.
Nor may the judgment over be granted, based on a claimed default by Krugman to appear and defend at the primary trial. The letter written about one month prior to said trial did not satisfy the requirements of the “vouching in” doctrine. Apart from the question of timeliness, the letter merely recalled Krugman’s failure to answer and suggested that the insurance carrier be alerted relative to the impending trial. The letter could hardly be relied upon as an offer to the vouchee to assume control of the defense in the main action — an indispensable factor for the imposition of that doctrine (Cole v. Long Is. Light. Co., 14 A D 2d 922).
Accordingly, I find that no default at all has occurred to justify judgment over for indemnification, nor is there any legal justification for dismissal of the suit based on its claimed abandonment. In these circumstances, arguments urged by the parties relative to the sufficiency of the complaint in its present form and the adequacy of the evidence in the main suit, referable to the issues of control and active negligence, adequate to support a finding of liability for indemnification without a trial on the merits, must await an appearance and joinder of issue. Naturally, if on the pleadings as they may shortly emerge, such a trial becomes necessary, the plaintiff in the main suit should not be required to await resolution of the issue of indemnification before enforcement of the judgment procured by him.
The motion for judgment over by default is denied and the motion for dismissal of the third-party complaint is also denied. Grlalin is given leave, if it be so advised, to serve a supplemental complaint within 10 days following service of a copy of the order to be entered herein. Krugman is directed to answer or otherwise plead within 30 days following service of a copy of the *1023 order aforesaid. The pending appeal from the judgment entered in favor of the principal plaintiff shall be diligently prosecuted and without regard to the within third-party litigation, failing which, the said plaintiff may move for immediate enforcement of said judgment.