Rosa Multari et al., as Administratrices of the Estate of Francisco Multari, Deceased, Plaintiffs, *v.* Glalin Arms Corp., Defendant and Third-Party Plaintiff-Appellant-Respondent; M. Krugman Construction Corp., Third-Party Defendant-Respondent-Appellant.

Second Department, July 10, 1967.

*Bachkoff, Miller & Steger* (*William F. Larkin* of counsel), for third-party plaintiff-appellant-respondent.

*E. Edan Spencer* (*Walter Feller* of counsel), for third-party defendant-respondent-appellant.

BRENNAN, J. The principal questions presented on these appeals arise out of the failure of the third-party defendant to answer the third-party complaint or to appear upon the trial of the action.

Plaintiffs' intestate, an employee of the third-party defendant, M. Krugman Construction Corp. (hereinafter referred to as Krugman), was killed as the result of falling through a hole in the floor of a building under construction. An action to recover damages therefor was instituted in 1962 against Glalin Arms Corp. (hereinafter referred to as Glalin) as owner and general contractor. In May, 1963, Glalin served a third-party summons and complaint on Krugman seeking indemnification both on the theory that the accident was caused by Krugman's active negligence, and under a contractual provision for indemnification. Krugman did not answer the third-party complaint. On March 8, 1966, Glalin wrote to Krugman, advising that the action would be reached for trial shortly, enclosing copies of the various pleadings, referring to the fact that no answer to the third-party complaint had been received and suggesting that the matter be referred to Krugman's insurance carrier. Krugman apparently took no action upon receipt of that letter; and it did not appear at the trial in April, 1966, which resulted in a verdict of $27,500 in plaintiffs' favor against Glalin. After the verdict was rendered, the trial court, on Glalin's motion, granted judgment over to Glalin against Krugman on the third-party complaint; and judgment was entered accordingly on May 13, 1966.

A series of motions followed, which culminated in the order under review. That part of the judgment which was in favor of Glalin against Krugman was vacated on Krugman's motion, the Special Term holding in substance that Krugman was not in default for failure to serve an answer since under section 193-a of the former Civil Practice Act answers to third-party complaints were not mandatory. The court also, among other things, permitted Glalin to serve a supplemental third-party complaint, directed Krugman to answer, and denied Krugman's motion to dismiss the third-party complaint, indicating that a trial would be necessary to resolve the question of Krugman's liability for indemnification.

We agree with Special Term that Krugman's obligation to answer the third-party complaint is governed by the provisions of section 193-a of the former Civil Practice Act, in effect when that complaint was served and when the answer could have been served. However, we are of the opinion that an answer was mandatory under that section despite the use therein of the words " may answer "; and that Krugman was, therefore, in default upon its failure to answer. The third-party summons, in the form prescribed by rule 54 of the former Rules of Civil Practice, clearly stated that judgment would be taken by default upon a failure to answer, and we do not find any legislative intention to differentiate between the effect of a failure to answer a third-party summons and complaint and the failure to appear or answer after the service of the summons instituting an action generally (cf. former Rules Civ. Prac., rule 45). Under the circumstances, we believe that the permissive language of section 193-a should be construed as mandatory (cf. *Treherne-Thomas* v. *Treherne-Thomas*, 267 App. Div. 509, 512; *Williams* v. *Mittlemann*, 259 App. Div. 697, 699, mot. for lv. to app. den. 284 N. Y. 822).

We are also of the opinion that a default judgment against Krugman at the trial was not barred by CPLR 3215 despite the fact that the trial occurred almost three years after Krugman's default in answering. In the case of a default in answering a third-party complaint, we hold that the one-year period referred to in subdivisions (c) and (f) of CPLR 3215 starts to run with the entry of judgment against the third-party plaintiff in the main action. The entry of a default judgment in a third-party action should not be required prior to the determination of liability in the main action and before the cause of action for indemnity has accrued (cf. *Matter of Valstrey Serv. Corp.* v. *Board of Elections, Nassau County*, 2 N Y 2d 413, 415–416; *Satta* v. *City of New York*, 272 App. Div. 782;

*Musco* v. *Conte,* 22 A D 2d 121, 126). A construction of the statute which would lead to such an awkward and illogical result, and which would not serve to effectuate the statutory purpose of expediting the termination of the action (cf. Thirteenth Annual Report of N. Y. Judicial Council, 1947, p. 216), presumably was not within the legislative intent (cf. 1 McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 143).

In any event, if it be assumed that Krugman was in default for more than one year, within the purview of subdivision (f) of CPLR 3215, we believe that the five days' notice of the application for judgment required by that subdivision may be dispensed with, as therein permitted, under the circumstances of this case. Krugman was given notice of its default shortly before the trial; it apparently chose to ignore that notice; and additional notice was not required to alert Krugman to the fact that a default judgment could be taken against it.

We are of the further opinion that judgment over was properly granted Glalin against Krugman. We today are affirming a judgment in favor of plaintiffs against Glalin in the main action (*Multari* v. *Glalin Arms Corp.,* 28 A D 2d 959). The appendices submitted on that appeal permit findings that Glalin was negligent in failing to furnish decedent with a safe place to work, and that Krugman was negligent in the manner in which it covered the opening through which plaintiffs' intestate fell. Under such circumstances, Glalin was only passively negligent and is entitled to indemnity from Krugman, the active tortfeasor (cf. *McFall* v. *Compagnie Maritime Belge,* 304 N. Y. 314, 330–331; *Moses* v. *City of New York,* 15 A D 2d 534, mot. for lv. to app. den. 11 N Y 2d 643).

The order should be modified on the law and the facts by striking out all its ordering paragraphs except the second and sixth, and by substituting therefor provisions granting the motion by the third-party plaintiff for judgment over on its third-party complaint against the third-party defendant and confirming that part of the judgment, dated May 13, 1966, which is in favor of the third-party plaintiff against the third-party defendant. As so modified, the order should be affirmed, insofar as appealed from, with $10 costs and disbursements to the third-party plaintiff.

Benjamin, J. (dissenting). I am of the opinion that a trial is required in order to determine liability as between Glalin and Krugman. It is unnecessary for us to resolve the issue whether the language of section 193-a of the former Civil Practice Act was mandatory insofar as it referred to the service of an answer to a third-party complaint. In addition to the legal

questions raised therein, Krugman's motion was addressed to the court's discretion. I believe the court exercised its discretion in a provident manner when it granted the motion in order not to deprive a party of its day in court, based upon the application of a concededly ambiguous statute. Our reversal predicated upon a legal interpretation of the statute involved would, therefore, seem to be in disregard of the exercise of discretion by the court below.

CHRIST, Acting P. J., HOPKINS and MUNDER, JJ., concur with BRENNAN, J.; BENJAMIN, J., dissents in separate opinion.

Order of the Supreme Court, Kings County, dated October 13, 1966 [51 Misc 2d 1019], modified on the law and the facts by striking out all its ordering paragraphs except the second and sixth, and by substituting therefor provisions granting the motion by the third-party plaintiff for judgment over on its third-party complaint against the third-party defendant and confirming that part of the judgment, dated May 13, 1966, which is in favor of the third-party plaintiff against the third-party defendant. As so modified, order affirmed, insofar as appealed from, with $10 costs and disbursements to the third-party plaintiff.