Paul Creditor, J.
The defendant moves first for an order pursuant to section 148-a of the Judiciary Law to set this controversy down before a medical malpractice panel; and second, for an order setting the third-party action down for an inquest because the third-party defendant has defaulted.
*695 Section 148-a of the Judiciary Law directs each Appellate Division of the Supreme Court to establish medical malpractice panels to facilitate the disposition of medical malpractice actions in Supreme Court. The statute in its present form and as twice amended, clearly indicates that malpractice panels are to apply only to Supreme Court actions. (L 1974, ch 146; L 1974, ch 657.) Thus, District Court lacks jurisdiction to order an action to be set down before the Supreme Court malpractice panel.
Therefore, defendant’s motion in this regard, must be denied.
Defendant’s second request is to schedule an inquest for the third-party action because the third-party defendant is in default. The entry of a default judgment in a third-party action is not required prior to the determination of liability in the main action. (Multari v Glalin Arms Corp., 28 AD2d 122, 124.)
It appears that this request is premature, and accordingly, it is denied.
So ordered.