■ A. ROBERT GIORDANO, as Coexecutor of ARNOLD A. BRENHOUSE, Deceased, Appellant, v DERVISH BERISHA, Respondent, et al., Defendant. [845 NYS2d 327]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered October 2, 2006, which granted plaintiff's motion to reargue a prior order, same court and Justice, entered on or about May 22, 2006, insofar as it denied plaintiff's motion for a default judgment and dismissed the complaint as against the individual defendant pursuant to CPLR 3215 (c), and, upon reargument, adhered to its prior determination denying the motion for a default judgment on other grounds, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of granting plaintiff leave to renew the motion for a default judgment upon proper papers, within 30 days of service of a copy of this order, and otherwise affirmed, without costs. Appeal from order entered on or about May 22, 2006, unanimously dismissed, without costs, as superseded by the appeal from the order entered October 2, 2006.

The court initially denied plaintiff's motion for a default judgment and dismissed the complaint on the basis that the motion was not brought within one year after the individual defendant's default (CPLR 3215 [c]). Upon reargument, the court determined that plaintiff's motion was in fact timely, but denied the motion on the ground that plaintiff's submissions were insufficient to support entry of a default judgment pursuant to CPLR 3215 (f). This determination was correct inasmuch as plaintiff's motion papers, in this action where he is seeking monies allegedly due under a contract the decedent was assigned for heating oil deliveries and services provided to three buildings, failed to include the underlying contract and assignment, and the assignor's affidavit did not provide the particulars of the contract assigned to the decedent (*see Feffer v Malpeso*, 210 AD2d 60, 61 [1994]). However, under the circumstances presented, where plaintiff has actively pursued a resolution to the matter, plaintiff is granted leave to reapply for a default judgment, on proper papers, as indicated (*Brown v Rosedale Nurseries*, 259 AD2d 256, 257 [1999]). Concur—Lippman, P.J., Mazzarelli, Marlow, Catterson and Kavanagh, JJ.