■ IMP Plumbing and Heating Corp., Respondent, v 317 East 34th Street, LLC, et al., Defendants, and NYU Hospital Centers, Appellant. [933 NYS2d 252]—

Plaintiff plumbing subcontractor failed to establish its entitlement to judgment as a matter of law. Plaintiff's rights under

the Lien Law are wholly derivative of the general contractor's right to payment, as a subcontractor's lien can only be satisfied out of funds "due and owing from the owner to the general contractor" (*Timothy Coffey Nursery/Landscape v Gatz*, 304 AD2d 652, 654 [2003] [internal quotation marks and citations omitted]). Plaintiff bore the initial burden of showing that funds were, in fact, due and owing to the general contractor (*see Penava Mech. Corp. v Afgo Mech. Servs., Inc.*, 71 AD3d 493, 495-496 [2010]). Although plaintiff's moving papers calculated the balance owed to the general contractor under the prime contract had it fully performed its contractual duties, it did not address the merits of NYU's position that the general contractor breached the contract.

Even assuming that plaintiff met its prima facie burden, NYU's opposition raised triable issues as to whether the general contractor was owed the unpaid balance of the contract price. The affidavit of NYU's Vice-President for Facilities and the exhibits proffered in opposition directly challenged the adequacy of the general contractor's performance.

Dismissal of NYU's cross claims against the general contractor was also not warranted. NYU correctly asserts that, as in third-party actions, CPLR 3215 (c)'s mandate that an action is deemed abandoned unless "proceedings" towards a default are taken within one-year of the default, does not apply to indemnification claims until liability is established in the main action (*see Multari v Glalin Arms Corp.*, 28 AD2d 122, 124 [1967], *appeal dismissed* 23 NY2d 740 [1968]). Indeed, the motion court recognized such principle, but applied it only to the first cross claim. To the extent the second cross claim is one for contribution, the same principle applies, as the claim is asserted in the verified answer as specifically contingent upon a finding of liability against NYU in the main action.

Furthermore, with respect to all three cross claims, the standard employed by the motion court—one year from service of the verified answer—is not required by CPLR 3215 (c), which mandates the one-year period as accruing from the default in answering the claim. Here, the moving papers do not indicate the date of the general contractor's alleged default, and only provide the date NYU's pleading containing the cross claims was served. Concur—Tom, J.P., Saxe, Sweeny, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 32273(U).]**