**Garcia-Guzman v 200 E. 16th St. Hous. Corp.**

2024 NY Slip Op 34345(U)

December 11, 2024

Supreme Court, New York County

Docket Number: Index No. 157512/2022

Judge: Denise M. Dominguez

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. DENISE M DOMINGUEZ**          PART                    35M
                                    *Justice*

-----------------------------------------------------------------------X

HUGO GARCIA-GUZMAN,                                    INDEX NO.          157512/2022

                        Plaintiff,                    MOTION SEQ. NO.          001

                - v -

200 EAST 16TH STREET HOUSING CORPORATION,             **DECISION + ORDER ON**
CUPSOUL, LLC, ORSID REALTY CORP, BRUNI ELECTRIC,              **MOTION**
INC, PURE GENERAL CONTRACTING, LLC,

                        Defendants.
-----------------------------------------------------------------------X

CUPSOUL, LLC

                        Third-Party Plaintiff,        Third-Party
                                                      Index No.  595292/2023
                -against-

PURE GENERAL CONTRACTING, LLC

                        Third-Party Defendant.
-----------------------------------------------------------------------X

CUPSOUL, LLC

                        Second Third-Party Plaintiff, Second Third-Party
                                                      Index No.  595266/2024
                -against-

COLOSSAL DESIGN LLC, ROLANDO MECHANICAL CORP,
ROLANDO MECHANICAL OF NY CORP., SPIROS
KATSONOPOLOS

                        Second Third-Party Defendants.
-----------------------------------------------------------------------X

CUPSOUL, LLC

                        Third Third-Party  Plaintiff, Third Third-Party
                                                      Index No.  595406/2024
                -against-

PHD IN HVAC, INC.

                        Third Third-Party Defendant.
-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 60, 61, 62, 63, 64, 65, 66, 67, 68, 69

were read on this motion to/for          _____JUDGMENT - DEFAULT_____.

**157512/2022   GARCIA-GUZMAN, HUGO vs. 200 EAST 16TH STREET HOUSING CORPORATION      Page 1 of 4
ET AL
Motion No.  001**

Upon reading the above listed documents, Defendant/Second Third-Party Plaintiff CUPSOUL, LLC's ("CUPSOUL") motion for default judgment pursuant to CPLR §3215, against Second Third-Party Defendant COLOSSAL DESIGN LLC ("COLOSSAL") is denied.

This matter arises out of a June 6, 2022 incident that occurred at a work site located at 165 3rd Avenue in Manhattan when the Plaintiff, an employee of COLOSSAL, alleges to have fallen from a ladder, sustaining various personal injuries. (NYSCEF Doc. 1, 61, 67).

Plaintiff commenced this action on September 2, 2022 (NYSCEF Doc. 1) and CUPSOUL answered on October 25, 2022 (NYSCEF Doc. 11). CUPSOUL then commenced multiple third party actions. The second Third-Party action was commenced on March 14, 2024 against COLOSSAL (NYSCEF Doc. 37).

To establish entitlement to a default judgment against a non-appearing party pursuant to CPLR §3215, the movant must show proof of service of the summons and complaint and proof of the facts constituting the claim, the default and the amount due. (*see* CLPR §3215(f); *Gantt v. N. Shore-LIJ Health Sys.*, 140 A.D.3d 418 [1st Dept 2016]). In support of the within motion, CUPSOUL submits an attorney affirmation (NYSCEF Doc. 61), an affirmation of merit by Maria Psoni, a member of CUPSOUL (NYSCEF Doc. 68), pleadings (NYSCEF Doc. 63-64), the purported affidavit of service on COLOSSAL (NYSCEF Doc. 65) and a copy of the returned default letter sent to COLOSSAL (NYSCEF Doc. 66). Upon review, CUPSOUL has not established entitlement to default judgment against COLOSSAL at this time.

CUPSOUL has not shown that COLOSSAL was properly served with the second third party complaint. The affidavit of service as to COLOSSAL asserts that on March 16, 2024 an individual identified as "J.B." was served at 3080 30th Street in Astoria, Queens, New York. The affidavit of service asserts that service was made on a "corporation" and that the process server

knew the individual served to be an Authorized Agent. However, COLOSSAL appears to be a limited liability company, not a corporation. Thus, service would be controlled by CPLR §311-a. No evidence has been submitted that "J.B.", was a member or manager of COLOSSAL, nor is there evidence that they were an agent authorized by appointment or designated to receive process. (*See* CPLR §311-a).

Additionally, it does not appear that COLOSSAL was duly served with the within motion. CUPSOUL's June 20, 2024 certified mailing (sent to 3080 30th Street in Astoria) notifying COLOSSAL of the default was returned as undeliverable (NYSCEF Doc. 66). However, despite this returned default notice, the motion for default was apparently served at the same, undeliverable address in Astoria (NYSCEF Doc. 69).

Finally, CUPSOUL has not established the facts constituting its claims against COLOSSAL as per CPLR §3215(f). Although a party in default is "deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v. Mendon Leasing Corp.*, 100 N.Y.2d 62, 70–71 [2003]), the movant must still set forth the facts constituting a viable cause of action against the defaulting party (*see State Farm Mut. Auto. Ins. Co. v. AK Glob. Supply Corp.*, 203 A.D.3d 556 [1st Dept 2022]).

With respect to the breach of contract cause of action, the Psoni affirmation does not assert that CUPSOUL and COLOSSAL entered into any contract or other agreement, nor is a copy of any contract or agreement between these parties submitted. (*see Giordano v. Berisha*, 45 A.D.3d 416 [1st Dept 2007]). Thus, there is insufficient evidence showing a viable breach of contract claim. With respect the causes of action for contribution or common law indemnification, it has generally been held that default is not warranted until liability is established in the main action. (*see IMP Plumbing & Heating Corp. v. 317 E. 34th St., LLC*, 89 A.D.3d 593, 594 [1st Dept 2011],

[* 3]

*citing Multari v. Glalin Arms Corp.,* 28 A.D.2d 122 [2d Dept 1967], *appeal dismissed* 23 N.Y.2d 740 [1968]). Thus, based upon the evidence submitted, default judgment as to contribution and common law indemnification is not warranted at this time.

Accordingly, it is hereby

ORDERED that Defendant/Second Third-Party Plaintiff CUPSOUL, LLC's motion for default judgment pursuant against Second Third-Party Defendant COLOSSAL DESIGN LLC is denied; and it is further

ORDERED that, within 20 days from the entry of this order, movant shall serve a copy of this order with notice of entry on all parties by proper CPLR rules and via NYSCEF and upon the Clerk of the General Clerk's Office, who is hereby directed to make all required notations thereof in the records of the court.

This constitutes the decision and order of the court.

| 12/11/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | DENISE M DOMINGUEZ, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

[* 4]