## Garcia-Guzman v 200 E. 16th St. Hous. Corp.

2024 NY Slip Op 34344(U)

December 11, 2024

Supreme Court, New York County

Docket Number: Index No. 157512/2022

Judge: Denise M. Dominguez

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**     <u>**HON. DENISE M DOMINGUEZ**</u> | **PART**            **35M** |
|                               *Justice* | |

-------------------------------------------------------------------------X

HUGO GARCIA-GUZMAN,

                         Plaintiff,

                     - v -

200 EAST 16TH STREET HOUSING CORPORATION,
CUPSOUL, LLC, ORSID REALTY CORP, BRUNI ELECTRIC,
INC, PURE GENERAL CONTRACTING, LLC,

                         Defendants.

-------------------------------------------------------------------------X

CUPSOUL, LLC

                       Third-Party Plaintiff,

                     -against-

PURE GENERAL CONTRACTING, LLC

                       Third-Party Defendant.

-------------------------------------------------------------------------X

CUPSOUL, LLC

                       Second Third-Party Plaintiff,

                     -against-

COLOSSAL DESIGN LLC, ROLANDO MECHANICAL CORP,
ROLANDO MECHANICAL OF NY CORP., SPIROS
KATSONOPOLOS

                       Second Third-Party Defendants.

-------------------------------------------------------------------------X

CUPSOUL, LLC

                       Third Third-Party  Plaintiff,

                     -against-

PHD IN HVAC, INC.

                       Third Third-Party Defendant.

-------------------------------------------------------------------------X

**INDEX NO.**        <u>157512/2022</u>

**MOTION SEQ. NO.**    <u>002</u>

### DECISION + ORDER ON MOTION

Third-Party
Index No.  595292/2023

Second Third-Party
Index No.  595266/2024

Third Third-Party
Index No.  595406/2024

The following e-filed documents, listed by NYSCEF document number (Motion 002) 0, 71, 72, 73, 74, 75, 76, 77, 78, 79

were read on this motion to/for             <u>           JUDGMENT - DEFAULT           </u>.

**157512/2022   GARCIA-GUZMAN, HUGO vs. 200 EAST 16TH STREET HOUSING CORPORATION**       **Page 1 of 4**
**ET AL**
**Motion No.  002**

1 of 4

Upon reading the above listed documents, Defendant / Second Third-Party Plaintiff CUPSOUL, LLC's ("CUPSOUL") motion for default judgment pursuant to CPLR §3215, against Second Third-Party Defendant ROLANDO MECHANICAL OF NY CORP ("ROLANDO MECHANICAL") is denied.

This matter arises out of a June 6, 2022 incident that occurred at a work site located at 165 3rd Avenue in Manhattan when the Plaintiff alleges to have fallen from a ladder, sustaining various personal injuries. (NYSCEF Doc. 1, 71).

Plaintiff commenced this action on September 2, 2022 (NYSCEF Doc. 1) and CUPSOUL answered on October 25, 2022 (NYSCEF Doc. 11). CUPSOUL then commenced multiple third party actions. The second Third-Party action was commenced on March 14, 2024 against ROLANDO MECHANICAL (NYSCEF Doc. 74).

To establish entitlement to a default judgment against a non-appearing party pursuant to CPLR §3215, the movant must show proof of service of the summons and complaint and proof of the facts constituting the claim, the default and the amount due. (*see* CLPR §3215(f); *Gantt v. N. Shore-LIJ Health Sys.*, 140 A.D.3d 418 [1st Dept 2016]). In support of the within motion, CUPSOUL submits an attorney affirmation (NYSCEF Doc. 71), an affirmation of merit by Maria Psoni, a member of CUPSOUL (NYSCEF Doc. 78), pleadings (NYSCEF Doc. 73-74), the affidavit of service (NYSCEF Doc. 75) and a copy of the default letter sent to ROLANDO MECHANICAL (NYSCEF Doc. 76). Upon review, CUPSOUL has not established entitlement to default judgment against ROLANDO MECHANICAL at this time.

CUPSOUL has shown that ROLANDO MECHANICAL was served with the second third party complaint on March 16, 2024 (NYSCEF Doc. 75) and that a June 20, 2024 notice of default

[* 2]

was sent to ROLANDO MECHANICAL via certified mail along with another copy of the second third-party complaint (NYSCEF Doc. 76).

However, CUPSOUL has not established the facts constituting its claims against ROLANDO MECHANICAL as per CPLR §3215(f). Although a party in default is "deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v. Mendon Leasing Corp.*, 100 N.Y.2d 62, 70–71 [2003]), the movant must still set forth the facts constituting a viable cause of action against the defaulting party (*see State Farm Mut. Auto. Ins. Co. v. AK Glob. Supply Corp.*, 203 A.D.3d 556 [1st Dept 2022]).

With respect to the breach of contract cause of action, the Psoni affirmation does not assert that CUPSOUL and ROLANDO MECHANICAL entered into any contract or other agreement, nor is a copy of any contract or agreement between these parties submitted. (*see Giordano v. Berisha*, 45 A.D.3d 416 [1st Dept 2007]). Thus, there is insufficient evidence showing a viable breach of contract claim. With respect the causes of action for contribution or common law indemnification, it has generally been held that default is not warranted until liability is established in the main action. (*see IMP Plumbing & Heating Corp. v. 317 E. 34th St., LLC*, 89 A.D.3d 593, 594 [1st Dept 2011], *citing Multari v. Glalin Arms Corp.*, 28 A.D.2d 122 [2d Dept 1967], *appeal dismissed* 23 N.Y.2d 740 [1968]). Thus, based upon the evidence submitted, default judgment as to contribution and common law indemnification is not warranted at this time.

Accordingly, it is hereby

ORDERED that Defendant/Second Third-Party Plaintiff CUPSOUL, LLC's motion for default judgment pursuant against Second Third-Party Defendant ROLANDO MECHANICAL DESIGN LLC is denied without prejudice.

ORDERED that, within 20 days from the entry of this order, movant shall serve a copy of this order with notice of entry on all parties via CPLR service requirements and electronically upon the Clerk of the General Clerk's Office, who is hereby directed to make all required notations thereof in the records of the court.

This constitutes the decision and order of the court.

| | | | | |
|---|---|---|---|---|
| **12/11/2024** | | | | |
| DATE | | | DENISE M DOMINGUEZ, J.S.C. | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**157512/2022   GARCIA-GUZMAN, HUGO vs. 200 EAST 16TH STREET HOUSING CORPORATION**          Page 4 of 4
**ET AL**
**Motion No.  002**