## Garcia-Guzman v 200 E. 16th St. Hous. Corp.

2024 NY Slip Op 34342(U)

December 11, 2024

Supreme Court, New York County

Docket Number: Index No. 157512/2022

Judge: Denise M. Dominguez

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT:     HON. DENISE M DOMINGUEZ | PART        35M |
| *Justice* | |

-----------------------------------------------------------------------------X

HUGO GARCIA-GUZMAN,

                Plaintiff,

            - v -

200 EAST 16TH STREET HOUSING CORPORATION,
CUPSOUL, LLC, ORSID REALTY CORP, BRUNI ELECTRIC,
INC, PURE GENERAL CONTRACTING, LLC,

                Defendants.

**INDEX NO.**        157512/2022

**MOTION SEQ. NO.**      004

**DECISION + ORDER ON
MOTION**

-----------------------------------------------------------------------------X

CUPSOUL, LLC

              Third-Party Plaintiff,

           -against-

PURE GENERAL CONTRACTING, LLC

              Third-Party Defendant.

Third-Party
Index No. 595292/2023

-----------------------------------------------------------------------------X

CUPSOUL, LLC

             Second Third-Party Plaintiff,

           -against-

COLOSSAL DESIGN LLC, ROLANDO MECHANICAL CORP,
ROLANDO MECHANICAL OF NY CORP., SPIROS
KATSONOPOLOS

             Second Third-Party Defendants.

Second Third-Party
Index No. 595266/2024

-----------------------------------------------------------------------------X

CUPSOUL, LLC

             Third Third-Party Plaintiff,

           -against-

KATSONOPOLOS IN HVAC, INC.

             Third Third-Party Defendant.

Third Third-Party
Index No. 595406/2024

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 90, 91, 92, 93, 94, 95, 96, 97, 98, 99

were read on this motion to/for                JUDGMENT - DEFAULT            .

Upon reading the above listed documents, Defendant/Second Third-Party Plaintiff CUPSOUL, LLC's ("CUPSOUL") motion for default judgment pursuant to CPLR §3215, against Second Third-Party Defendant SPIROS KATSONOPOLOS. ("KATSONOPOLOS") is denied.

This matter arises out of a June 6, 2022 incident that occurred at a work site located at 165 3rd Avenue in Manhattan when the Plaintiff alleges to have fallen from a ladder, sustaining various personal injuries. (NYSCEF Doc. 1, 91).

Plaintiff commenced this action on September 2, 2022 (NYSCEF Doc. 1) and CUPSOUL answered on October 25, 2022 (NYSCEF Doc. 11). CUPSOUL then commenced multiple third party actions. The second Third-Party action was commenced on April 17, 2024 against KATSONOPOLOS (NYSCEF Doc. 94).

To establish entitlement to a default judgment against a non-appearing party pursuant to CPLR §3215, the movant must show proof of service of the summons and complaint and proof of the facts constituting the claim, the default and the amount due. (*see* CLPR §3215(f); *Gantt v. N. Shore-LIJ Health Sys.*, 140 A.D.3d 418 [1st Dept 2016]). In support of the within motion, CUPSOUL submits an attorney affirmation (NYSCEF Doc. 91), an affirmation of merit by Maria Psoni, a member of CUPSOUL (NYSCEF Doc. 98), pleadings (NYSCEF Doc. 93-94), the purported affidavit of service on KATSONOPOLOS (NYSCEF Doc. 95) and a copy of the default letter sent to KATSONOPOLOS (NYSCEF Doc. 96). Upon review, CUPSOUL has not established entitlement to default judgment against KATSONOPOLOS at this time.

It is unclear from the within motion whether KATSONOPOLOS is an individual or company. KATSONOPOLOS is described in the complaint, as a resident of New York; however, KATSONOPOLOS, is also described as the general contractor or subcontractor for the work at

the subject premises. Thus, at this time, it is unclear whether substituted service upon KATSONOPOLOS was proper (NYSCEF Doc. 95).

However, even if KATSONOPOLOS was properly served, CUPSOUL has not established the facts constituting its claims against KATSONOPOLOS as per CPLR §3215(f). Although a party in default is "deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v. Mendon Leasing Corp.*, 100 N.Y.2d 62, 70–71 [2003]), the movant must still set forth the facts constituting a viable cause of action against the defaulting party (*see State Farm Mut. Auto. Ins. Co. v. AK Glob. Supply Corp.*, 203 A.D.3d 556 [1st Dept 2022]).

With respect to the breach of contract cause of action, the Psoni affirmation does not assert that CUPSOUL and KATSONOPOLOS entered into any contract or other agreement, nor is a copy of any contract or agreement between these parties submitted. (*see Giordano v. Berisha*, 45 A.D.3d 416 [1st Dept 2007]). Thus, there is insufficient evidence showing a viable breach of contract claim. With respect the causes of action for contribution or common law indemnification, it has generally been held that default is not warranted until liability is established in the main action. (*see IMP Plumbing & Heating Corp. v. 317 E. 34th St., LLC*, 89 A.D.3d 593, 594 [1st Dept 2011], *citing Multari v. Glalin Arms Corp.,* 28 A.D.2d 122 [2d Dept 1967], *appeal dismissed* 23 N.Y.2d 740 [1968]). Thus, based upon the evidence submitted, default judgment as to contribution and common law indemnification is not warranted at this time.

Accordingly, it is hereby

ORDERED that Defendant/Second Third-Party Plaintiff CUPSOUL, LLC's motion for default judgment pursuant against Second Third-Party Defendant SPIROS KATSONOPOLOS is denied without prejudice.

157512/2022   GARCIA-GUZMAN, HUGO vs. 200 EAST 16TH STREET HOUSING CORPORATION        **Page 3 of 4**
ET AL
Motion No. 004

ORDERED that, within 20 days from the entry of this order, movant shall serve a copy of this order with notice of entry on all parties and upon the Clerk of the General Clerk's Office.

This constitutes the decision and order of the court.

**12/11/2024**

_____

DATE

_____

DENISE M DOMINGUEZ, J.S.C.

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

[* 4]