Calle v JRR Contr. Inc.
2026 NY Slip Op 02874
May 7, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Marco Calle, Plaintiff-Respondent,
v
JRR Contracting Inc., Defendant-Appellant, Clarion Partners LLC et al., Defendants-Respondents, Board of Managers of 100 Fifth Owner LLC, Defendant.
JRR Contracting Inc., Third-Party Plaintiff-Appellant,
Regalado Contracting Inc., Third-Party Defendant-Respondent, RCD Restoration Inc., Third-Party Defendant.

Decided and Entered: May 07, 2026
Index No. 21943/20|Appeal No. 6557|Case No. 2025-01863|
Before: Moulton, J.P., Gesmer, Higgitt, Michael, Chan, JJ.

Devitt Spellman Barrett, LLP, Hauppauge (Christi M. Kunzig of counsel), for appellant.

[*1]
Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered on or about July 10, 2024, which denied defendant/third-party plaintiff JRR Contracting, Inc.'s motion for entry of a default judgment on its third-party claims for indemnification, contribution, and breach of contract against third-party defendant Regalado Contracting Inc., unanimously reversed, on the law, without costs, and the motion granted.
In this Labor Law action, plaintiff seeks to recover for injuries he sustained while performing construction work at a building. JRR was hired to perform faÇade restoration on the building, and in turn subcontracted all the faÇade work to Regalado.
JRR timely and properly served Regalado with the third-party action pursuant to Business Corporation Law § 306(b) and CPLR 3215(g)(4).
The breach of contract claim premised on Regalado's failure to procure insurance is not contingent on a finding of liability and thus remained subject to the one-year deadline of CPLR 3215(c). Nevertheless, JRR demonstrated sufficient cause for its tardiness on the breach of contract claim as it took affirmative steps to obtain a default judgment within and shortly after the one-year deadline, including two motions for a default judgment and additional service of the third-party action pursuant to CPLR 3215(g)(4) (see 938 St. Nicholas Ave. Lender LLC v 936-938 Cliffcrest Hous. Dev. Fund Corp., 241 AD3d 1134, 1135 [1st Dept 2025]).
JRR also sufficiently established proof of the facts constituting the claim as required by CPLR 3215(f) "to enable [the] court to determine that a viable cause of action exists" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]; cf. Giordano v Berisha, 45 AD3d 416, 417 [1st Dept 2007]). JRR submitted sworn deposition testimony and the parties' subcontract to demonstrate JRR's lack of supervision over the work, its entitlement to indemnification, and Regalado's obligation to maintain insurance and name JRR as an additional insured (see Feffer v Malpeso, 210 AD2d 60, 61 [1st Dept 1994]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 7, 2026